ZAVASNIK, Appellant,

v.

LYONS TRANSPORTATION LINES, INC. et al., Appellees.

[Cite as *Zavasnik v. Lyons Transp. Lines, Inc.* (1996), 115 Ohio App.3d 374.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70253.

Decided Oct. 21, 1996.

*Lester S. Potash*, for appellant.

*Vorys, Sater, Seymour & Pease* and *Matthew J. Hatchadorian; Betty D. Montgomery*, Attorney General, and *Mary Ann Rini*, Assistant Attorney General, for appellees.

*Per Curiam.*

Plaintiff-appellant, Ivan Zavasnik, appeals the trial court's order granting a directed verdict in favor of defendant-appellee, Lyons Transportation Lines, Inc. Plaintiff claims that his present schizoaffective disorder was caused as a result of an injury he suffered while working for defendant.

Plaintiff worked as a mechanic for defendant from 1968 until 1990. On November 2, 1987, while working on a truck, plaintiff climbed up on the bumper in an effort to pry open the hood when the hood suddenly flew open and threw him backwards. He injured his arm when he tried to break his fall and also hit his head.

Subsequently, plaintiff filed a claim for worker's compensation, which was allowed for strained right shoulder, cervical strain with radiculopathy, and torn rotator cuff. He was off work for approximately six months and returned to work in 1988. Plaintiff continued to work until October 1990, when the company went out of business.

On August 17, 1993 plaintiff filed a motion to have his claim further allowed for a psychiatric condition. This claim was supported by a psychiatric report prepared in anticipation of plaintiff's participation in Social Security. However, the claim was disallowed by the Industrial Commission. Plaintiff then filed a complaint with the Court of Common Pleas of Cuyahoga County. At trial, the trial court directed a verdict in favor of defendant, and it is this order from which plaintiff now appeals.

Plaintiff's sole assignment of error states as follows:

"The trial court erred in granting defendant's motion for directed verdict."

Plaintiff argues that he met his burden in presenting evidence which supported the material facts of his cause of action. First, his mental condition did not develop until after his 1987 injury. Second, the psychiatrist testified that plaintiff would not have become mentally ill but for the 1987 injury.

Defendant maintains that plaintiff did not offer evidence at trial within a reasonable degree of medical probability that the 1987 injury was the direct and proximate cause of his present mental condition.

"In order to establish a right to a workers' compensation benefits for harm or death arising from an accidental injury, it is necessary for the claimant to show by a preponderance of the evidence that a direct and proximate causal relationship existed between his injury and the harm or death." *Randall v. Mihm* (1992), 84 Ohio App.3d 402, 406, 616 N.E.2d 1171, 1174, citing *Fox v. Indus. Comm.* (1955), 162 Ohio St. 569, 125 N.E.2d 1. "Proximate cause" is defined in the area of workers compensation the same as it is defined in torts. *Aiken v. Indus. Comm.* (1944), 143 Ohio St. 113, 53 N.E.2d 1018. "Proximate cause" is a happening or event which as a natural and continuous sequence produces an injury without which the result would have not occurred. *Murphy v. Carrollton Mfg. Co.* (1991), 61 Ohio St.3d 585, 575 N.E.2d 828. "When expert medical testimony is required in a case to establish a causal connection between the industrial injury and a subsequent physical condition, the proof must establish a probability and not a mere possibility of such causal connection." *Randall, supra.*

Civ.R. 50(A)(4) provides the standard for directed verdict and states in part:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue, reasonable minds could come to but one conclusion upon the evidence submitted, and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

■  It is the duty of the trial court to submit an essential issue to the jury when there is sufficient evidence, if believed, relating to that issue to permit reasonable minds to reach different conclusions on that issue. *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896.

■  When a trial court considers a motion for directed verdict, it must determine not whether one version of the facts presented is more persuasive than another but rather whether the trier of fact could reach only one result under the theories of law presented in the complaint. *Eldridge v. Firestone Tire & Rubber Co.* (1985), 24 Ohio App.3d 94, 24 OBR 164, 493 N.E.2d 293. A motion for a directed verdict tests the legal sufficiency of the evidence. *Id.* The trial court may not weigh the evidence or try the credibility of witnesses, but must give to the party opposing the motion the benefit of all reasonable inferences from the evidence. *Id.* The "reasonable minds" test of Civ.R. 50(A)(4) requires the court only to determine whether there is any evidence of substantial probative value in support of the nonmoving party's claim. *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 551 N.E.2d 172.

In the present case, the trial court "reluctantly" granted the directed verdict, finding the psychiatrist's testimony to be deficient as a result of not proving cause. The trial court stated, "I don't think she stated to a reasonable degree that there was cause. In fact, I think what her testimony was, she said provoked. She said, provoked in here and that is not cause."

■■  The trial court granted the directed verdict because plaintiff did not prove the industrial injury was the proximate cause of his psychiatric condition. However, when deciding whether to grant a directed verdict, it is not the trial court's responsibility to determine proximate cause. Proximate cause is an issue for the trier of fact. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 288, 21 O.O.3d 177, 181, 423 N.E.2d 467, 471–472. The trial court must only decide whether reasonable minds could reach different conclusions regarding the issue of proximate cause.

Here, the trial court incorrectly decided the issue of proximate cause. The "reasonable minds" test set forth in Civ.R. 50(A) was not properly applied. In fact, after plaintiff discussed with the trial court the psychiatrist's testimony relating to her use of the word "provoke" and proximate cause the trial court admitted reasonable minds could differ:

"THE COURT: Okay. Well, I understand now why you would say that. I mean, there certainly were grounds for an appeal, no question about it, reasonable minds could differ. However, in this case, I think it's really deficient and I don't think it has been established, and I am going to grant the motion for directed verdict. So this matter is complete."

The trial court based its directed verdict ruling on the following colloquy between defendant's counsel and psychiatrist:

"Q. And you diagnosed a schizoaffective disorder. And isn't it true that a schizoaffective disorder cannot be caused by an injury?

"A. Well, that's a difficult question to answer. One could say that depression cannot be caused by an injury, the exact depression cannot be caused by the injury, but one can become depressed after an injury.

"Q. My question is, do you agree that an injury cannot cause a schizoaffective disorder?

" A. No. I believe it can provoke a schizoaffective disorder."

In the preceding discussion the psychiatrist admitted that a physical injury cannot exactly cause a psychic condition, *i.e.*, when one is hit by a car the immediate result is not a psychic condition. However, if the psychiatrist's testimony is read in the aggregate it is abundantly clear that she believed psychic conditions can result from physical injuries and believed plaintiff's psychic condition was a result of his industrial injury.

On direct examination, the psychiatrist testified that it was her opinion that plaintiff suffered from a schizoaffective disorder, depressive type, with severe paranoia. When asked what the proximate cause of plaintiff's condition was, the psychiatrist responded by stating, "My opinion is the injury that he suffered was the cause." The psychiatrist also stated that but for the 1987 injury suffered by plaintiff, he would "almost certainly not" have suffered from the psychiatrically diagnosed condition. On redirect the psychiatrist reaffirmed her earlier diagnosis when she said, "I believe the diagnosis of schizoaffective disorder, depressed type with severe paranoia was justified."

The trial court based its directed verdict decision on a literal interpretation of the psychiatrist's testimony, specifically on her use of the word "provoked" instead of the word "cause." When reviewing the psychiatrist's testimony in totality it is clear she believed plaintiff's industrial injury was the cause of his psychic condition.

Therefore, construing the facts in conjunction with the directed verdict standard in Civ.R. 50(A)(4) and based upon the psychiatrist's testimony, we believe reasonable minds could differ on the evidence submitted. Therefore, plaintiff's assignment of error is sustained.

*Judgment reversed*
*and cause remanded.*

JAMES D. SWEENEY, P.J., DYKE and PATTON, JJ., concur.