OPINION
This appeal arises from a Monroe County Court of Common Pleas jury verdict finding that Appellee, Rudy Mokros, is entitled to participate in the Ohio workers' compensation fund. For the following reasons, we affirm the lower court decision.
On December 31, 1989, Appellee, while in the course of his employment with Appellant, Ormet Corporation, was injured when his right hand was compressed between a carbon block and a metal brace. Appellee was treated at Appellant's first aid facility. Appellant's accident report indicated that Appellee suffered swelling of the wrist, an abrasion and pain from his forearm down to his fifth finger. Despite the injury, Appellee returned to work the same day. Appellee subsequently requested and was granted workers' compensation benefits for the injury.
On March 6, 1992, Appellee applied to the Ohio Industrial Commission for allowance of a further condition, claiming that the injury of December 13, 1989, caused the onset of stenosing tenosynovitis, the stiffening of the finger tendons caused by scar tissue and commonly called "trigger finger." The Industrial Commission denied Appellee's application, finding no causal connection between the December, 1989, injury and later condition. Appellee appealed to the Monroe County Court of Common Pleas where the matter was tried to a jury. At the close of Appellee's case, Appellant moved for a directed verdict which the court denied. A unanimous jury determined that Appellee was entitled to participate under the fund. Appellant moved for judgment notwithstanding the verdict, or in the alternative, for a new trial. In a journal entry filed August 8, 1997, the trial court denied Appellant's motion. On September 8, 1997, Appellant filed its notice of appeal.
Appellant's first assignment of error alleges:
 "THE TRIAL COURT ERRED IN ALLOWING THE OPINION TESTIMONY OF DR. WEILER AND DENYING DEFENDANT'S MOTION FOR DIRECTED VERDICT."
Appellant essentially argues that the trial court should have granted its motion for a directed verdict, as Appellee failed to offer expert testimony that the December 31, 1989, injury was the proximate cause of his stenosing tenosynovitis. Appellant asserts that expert testimony must establish a probability, not a mere possibility, that an industrial accident caused a subsequent condition. Appellant contends that the testimony of Dr. Robert Richard Weiler, Appellee's expert witness, did not establish with any reasonable certainty the causal connection between the industrial accident and Appellee's condition.
A motion for directed verdict asks the trial court to make the legal determination whether the non-movant has presented sufficient evidence to support the elements of his claim. Piercev. Trimble (1995), 101 Ohio App.3d 690, 695 citing Ruta v.Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66. The trial court must construe the evidence in a light most favorable to the non-movant and determine whether reasonable minds could reach different conclusions. Civ.R. 50 (A); Pierce v. Trimble, 695. If there is sufficient evidence before the court so that reasonable minds could reach different conclusions, the trial court must deny the motion for directed verdict. Pierce v. Trimble, 695 citing Wells v. Miami Valley Hosp. (1993), 90 Ohio App.3d 840,848. A reviewing court will affirm the trial court's decision if it finds that the non-movant has presented evidence on all elements essential to establish the cause of action. Pierce v.Trimble, 695 citing Strother v. Hutchinson (1981),67 Ohio St.2d 282, 285.
To establish a right to workers' compensation benefits for harm arising from an industrial accident, the claimant must show by a preponderance of the evidence that a direct and proximate causal relationship exists between the accident and the harm. Zavasnikv. Lyons Transp. Lines., Inc. (1996), 115 Ohio App.3d 374, 377. "`Proximate cause' is a happening or event which as a natural and continuous sequence produces an injury without which the result would have not occurred." Id., citing Murphy v. CarroltonMfg. Co. (1991), 61 Ohio St.3d 585. If expert testimony is required to establish proximate cause, it must establish a probability and not mere possibility of the causal connection. Zavasnik v. LyonsTransp. Lines, Inc., 377.
In the present case, Appellee presented expert testimony to support the causal connection between the accident and his later condition. Dr. Weiler testified at deposition, a transcript of which was read into evidence at trial, that Appellee was suffering from scarring in his right hand with stenosing tenosynovitis subsequent to trauma. (Tr. 36.) Dr. Weiler also testified to a reasonable degree of medical certainty that in his opinion, Appellee's injury on December 31, 1989, was the cause of the stenosing tenosynovitis. (Tr. 37, 38.) In addition, Dr. Weiler testified that Appellee's condition was the result of the crushing injury aggravated by continued use of the hand, including the major trauma of working. (Tr. 39-40.)
As Appellee presented evidence that the December 31, 1989, accident caused his later condition, we are bound to uphold the decision of the trial court. The trial court properly denied Appellant's motion for directed verdict. This assignment of error lacks merit.
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY THAT INJURY DOES NOT INCLUDE A CONDITION OR DISABILITY CAUSED PRIMARILY BY THE NATURAL DETERIORATION OF AN ORGAN OR BODY PART WHILE AT THE SAME TIME INSTRUCTING THE JURY AS TO THE DOCTRINE OF DUAL CAUSATION."
Appellant essentially argues that he was prejudiced by the trial court's refusal to instruct the jury that, "[i]njury or disability caused primarily by the natural deterioration of tissue, an organ, or part of the body;" (R.C. § 4123.01 (C) (2)), which will not lead to compensation. Appellant also argues error that the trial court did instruct the jury on theory of dual causation; that an injury can have two distinct causes, either of which could have caused the injury. Appellant argues that the instructions permitted the jury to disregard Appellant's theory that Appellee's use of his hand in general over his lifetime contributed to his condition.
It is within the sound discretion of a trial court to refuse to admit proposed jury instructions which are either redundant or immaterial to the case. Bostic v. Conner (1988) 37 Ohio St.3d 144, paragraph two of the syllabus. An abuse of discretion connotes more than an error of law; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. WilmingtonSteel Products, Inc. v. Cleve. Elec. Illum. Co. (1991), 60 Ohio St.3d 120,121.
"A charge to a jury should be a plain, distinct and unambiguous statement of the law as applicable to the case made before the jury by the proof adduced." Morell v. St. Elizabeth Hosp. (May 20, 1996), Mahoning App. No. 95 CA 1, unreported, 2; Marshall v.Gibson (1985), 19 Ohio St.3d 10, 12. "Where the jury instructions, as a whole, are sufficiently clear to enable the jury to understand' the law as applied to the facts of the case, the instruction is not improper." Morell v. St. Elizabeth Hosp.,2; Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210.
Here, the issue is whether Appellee's condition was caused by an "injury" as defined by Ohio's workers' compensation laws. According to R.C. § 4123.01:
 "(C) "Injury" includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. "Injury" does not include:
"* * *
 "(2) Injury or disability caused primarily by the natural deterioration of tissue, an organ, or part of the body."
A review of the jury instructions in their entirety demonstrates that the instructions were sufficiently clear to enable the jury to understand the applicable law. The court instructed the jury as follows in part:
 "* * * [Appellant] has previously accepted Mr. Mokros' claim that he sustained a contusion of his right wrist on December 31, 1989. However, [Appellant] denies that [Appellee] developed stenosing tenosynovitis in the third finger of his right hand as a result of the injury to his wrist on December 31, 1989.
 "To establish his claim for participation in the benefits of the Ohio Worker's Compensation Law for this condition, [Appellee] must establish by the preponderance of the evidence that the condition resulted from an injury which occurred on December 31, 1989." "Injury means any injury, whether caused by external accidental means or accidental in character and result, received in the course of and arising out of the injured employee's work.
 "* * * Injury includes physical harm that is accidental and the result of an external means that is a sudden mishap, occurring by chance, unexpected and not in the usual course of events * * *
 "[Appellant] must prove by the greater weight of the evidence that the condition is the direct and proximate result of his employment * * *
 "Proximate cause is an act or failure to act which, in the natural and continuous sequence, directly produces the injury and without which it would not have occurred. Cause occurs when the injury is the natural and foreseeable result of an act or failure to act.
 "[Appellee] must establish that the conditions or disabilities which he claims to be suffering from or to have suffered from were directly and proximately caused by an industrial injury.
 "* * * There may be more than one proximate cause of injury. When workplace activities, conditions and risks combine with other causes to directly produce the injury, each is a proximate cause. It is not necessary that each cause occur at the same time or place."
(Tr. 105-107.) (Emphasis added.)
By the jury instructions it is abundantly clear that the jury could find that Appellee's condition could have been caused by something other than the accident in question, including natural deterioration. The court emphasized that to be compensable, Appellee's condition must have been proximately caused by the December 31, 1989, accident. Absent contrary proof, we must presume that the jury followed the court's instructions. Pang v.Minch (1990), 53 Ohio St.3d 186, 195.
We hold that the trial court's instructions to the jury were proper and that the court did not abuse its discretion. Therefore, this assignment of error lacks merit.
Appellant's third assignment of error alleges:
 "THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant asserts that the trial court erred in not granting its motion for a new trial as the jury verdict was against the manifest weight of the evidence.
According to Civ.R. 59 (A) (6), a new trial may be granted if the jury's decision is not supported by the weight of the evidence. When ruling on a motion for a new trial, it is within the trial court's discretion to determine whether a jury verdict is against the manifest weight of the evidence. Osler v. City ofLorain (1986), 28 Ohio St.3d 345, 351. In reviewing the trial court's decision not to grant a new trial, we must review the evidence in a light most favorable to the decision reached by the trial court. Id. Our review does not involve a reweighing or re-evaluating of the evidence on the whole and we may not reverse the judgment of the trial court absent an abuse of discretion.Id. As stated earlier, an abuse of discretion implies that the court's action was unreasonable, arbitrary or unconscionable.Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co.,supra, 121.
When determining whether a jury's verdict is against the manifest weight of the evidence, a trial court does not weigh the evidence in the unlimited capacity of a jury to do so, but reviews the evidence in a restricted sense of whether it appears that manifest injustice has been done. Rhode v. Farmer (1970),23 Ohio St.2d 82, paragraph three of the syllabus.
We have already concluded earlier herein that Appellee presented evidence to sustain his cause of action. As such, we hold that the evidence supports the court's conclusion that the jury verdict was not a manifestly unjust result. This assignment of error lacks merit.
For the foregoing reasons, we affirm the jury verdict of the trial court.
Cox, P.J., concurs.
Vukovich, J., concurs.
APPROVED:
 __________________________________ CHERYL L. WAITE, JUDGE