SCHULTZ, Appellant,

v.

OHIO BUREAU OF WORKERS' COMPENSATION et al., Appellees.

[Cite as *Schultz v. Ohio Bur. of Workers' Comp.*, 148 Ohio App.3d 310, 2002-Ohio-3622.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 01CA2809.

Decided July 9, 2002.

Angela D. Marinakis, for appellant.

Betty D. Montgomery, Attorney General, and Jacob Dobres, Assistant Attorney General, for appellee Administrator, Ohio Bureau of Workers' Compensation.

Betty D. Montgomery, Attorney General, Jeffrey B. Hartranft and Daniel M. Hall, Assistant Attorneys General, for appellee Industrial Commission of Ohio.

KLINE, Judge.

{¶ 1} The Industrial Commission of Ohio determined that Elizabeth B. Schultz committed fraud in her receipt of workers' compensation benefits. Schultz filed a complaint seeking a jury determination of fraud in the Scioto County Court of Common Pleas. The court dismissed her complaint based upon

lack of subject-matter jurisdiction pursuant to R.C. 4123.512. Schultz appeals, asserting that the issue of whether she committed fraud in the receipt of her workers' compensation benefits is not an "extent of disability" issue and, therefore, the trial court possessed jurisdiction to consider the matter. Because the Supreme Court of Ohio has narrowly construed the jurisdiction conferred upon the common pleas courts by R.C. 4123.512 to include only issues regarding the right to participation, we disagree. Schultz further alleges that mandamus is an inadequate remedy in this case and that she possesses a constitutional right to a jury trial. Because the determination of fraud in a workers' compensation matter is wholly statutory, legislatively created remedies are adequate and no constitutional right to a jury trial exists. Accordingly, we overrule each of Schultz's assignments of error and we affirm the judgment of the trial court.

I

{¶ 2} In 1978, Schultz suffered an injury during the course of her employment and filed a claim that was recognized by the Bureau of Workers' Compensation. In 1986, Schultz applied for permanent total disability ("PTD") benefits, and the Industrial Commission granted her application.

{¶ 3} In 1999, the Administrator of the Bureau of Workers' Compensation filed a motion to terminate Schultz's PTD benefits and declare an overpayment after he learned that Schultz had been working part-time while collecting PTD benefits.[1] The staff hearing officer ("SHO") terminated Schultz's PTD benefits, found overpayment for the period from 1994 through 1999, and ordered Schultz to repay pursuant to the repayment schedule of R.C. 4123.511(J). Schultz appealed that ruling in mandamus.

{¶ 4} The administrator filed a second motion in 2000 in which he sought a finding that Schultz committed fraud by collecting PTD benefits while engaging in part-time work. The Industrial Commission held a hearing, considered evidence, and found that Schultz had committed fraud in collecting PTD benefits. The Industrial Commission therefore ordered that the administrator be granted permission to utilize "any other lawful means," in addition to the repayment schedule of R.C. 4123.511(J), in order to recoup the overpayment to Schultz for the period from 1994 through 1999.

{¶ 5} Schultz filed a complaint in the trial court, ostensibly pursuant to R.C. 4123.512, wherein she sought to invoke the trial court's jurisdiction to review the Industrial Commission's finding of fraud. The trial court dismissed Schultz's

---

1. Although the administrator also sought a finding that Schultz committed fraud, the administrator's motion did not properly raise the issue of fraud, and Schultz refused to waive notice of the issue. Therefore, the staff hearing officer did not rule on the issue of fraud.

complaint, finding that it does not possess subject-matter jurisdiction over the Industrial Commission's finding of fraud pursuant to R.C. 4123.512.

{¶ 6}   Schultz timely appeals, asserting the following assignments of error:

{¶ 7}   "I. The common pleas court erred in dismissing appellant's case as no other remedy exists to appellant for a determination of fraud by the Industrial Commission.

{¶ 8}   "II. The lower court erred in dismissing plaintiff's appeal as the Ohio Constitution guarantees the right to trial by jury to a party to an action for fraud."

## II

{¶ 9}   In her first assignment of error, Schultz asserts that the trial court's determination that it does not possess subject-matter jurisdiction constitutes error because no other remedy exists by which Schultz may appeal a determination of fraud by the Industrial Commission.   In support of her assignment of error, Schultz acknowledges that the trial court derives its jurisdiction over Industrial Commission decisions from R.C. 4123.512, and argues that R.C. 4123.512 authorizes the trial court to consider Industrial Commission determinations of fraud.

{¶ 10}   R.C. 4123.512 provides that a claimant or employer may appeal an Industrial Commission decision to the court of common pleas, "other than a decision as to the extent of disability."   Contrary to Schultz's assertion that this limitation does not exclude Industrial Commission decisions regarding fraud, the Supreme Court of Ohio has narrowly construed the scope of R.C. 4123.512 jurisdiction.

{¶ 11}   A direct appeal to the common pleas court pursuant to R.C. 4123.512 is the most limited of the three forms of review available to Industrial Commission litigants.   *Felty v. AT&T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 237, 602 N.E.2d 1141.   Whether this procedural mechanism is available to a litigant, and hence whether the common pleas court possesses subject matter jurisdiction, depends upon the nature of the decision issued by the Commission.   Id. The Ohio Supreme Court has limited the statutory language of R.C. 4123.512 so that "[o]nly decisions reaching an employee's right to participate in the workers' compensation system because of a specific injury or occupational disease are appealable under R.C. 4123.519."   Id. at paragraph one of the syllabus; *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus; *Zavatsky v. Stringer* (1978), 56 Ohio St.2d 386, 10 O.O.3d 503, 384 N.E.2d 693, paragraph one of the syllabus.

{¶ 12}   A decision of the Industrial Commission "does not determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim." *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 594 N.E.2d 609, paragraph one of the syllabus.   Thus, litigants may only appeal decisions of the Industrial Commission that determine "whether an employee is or is not entitled to be compensated for a particular claim." *Felty,* 65 Ohio St.3d at 239, 602 N.E.2d 1141.

{¶ 13}   In this case, Schultz does not contend that the Industrial Commission's decision dealt with her right to participate in the Workers' Compensation program.   Instead, Schultz argues that because none of the Ohio Supreme Court cases construing R.C. 4123.512 jurisdiction involves fraud, those cases do not restrict a trial court from reviewing a finding of fraud.   We find that Schultz's argument ignores the clear, plain meaning of the Ohio Supreme Court's holdings. In stating that R.C. 4123.512 confers jurisdiction *"only"* upon decisions involving the right to participate, the court has clearly excluded all other decisions, including decisions involving fraud, from the common pleas courts' jurisdiction.

{¶ 14}   Schultz also contends that the trial court should have exercised jurisdiction in this case because a jury trial is the only adequate remedy available to her in this case.   Specifically, Schultz asserts that since mandamus will not require adherence to the Rules of Evidence, it is not an adequate remedy. However, Schultz's argument overlooks the fact that the trial court is without power to determine its own jurisdiction.   Section 4(B), Article IV of the Ohio Constitution states that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law."   Thus, a court has no power to expand its jurisdiction beyond that conferred by the Ohio Constitution and the General Assembly, regardless of how persuasive the reasons for doing so may be.   *Springfield City School Support Personnel v. State Emp. Relations Bd.* (1992), 84 Ohio App.3d 294, 298, 616 N.E.2d 983.   Therefore, the trial court had no choice but to dismiss this case despite Schultz's assertion that she has no other adequate remedy available to her.

{¶ 15}   Accordingly, we overrule Schultz's first assignment of error.

### III

{¶ 16}   In her second assignment of error, Schultz contends that the trial court erred in dismissing this case because the Ohio Constitution guarantees the right to a trial by jury to parties in an action for fraud.

{¶ 17}  Pursuant to R.C. 4123.511(J)(4), the administrator or the Industrial Commission may determine whether a claimant has committed fraud in his or her receipt of benefits.  Thus, Schultz's assertion that the Industrial Commission's finding of fraud deprives her of her constitutional right to a trial by jury amounts to a constitutional challenge to R.C. 4123.511(J)(4).

{¶ 18}  All legislative enactments enjoy a presumption of constitutionality. *State ex rel. Taft v. Franklin Cty. Court of Common Pleas* (1998), 81 Ohio St.3d 480, 481, 692 N.E.2d 560; *Sachdeva v. Conrad* (Nov. 1, 2001), Franklin App. No. 01AP406, 2001 WL 1340750.  We may not declare a legislative enactment to be unconstitutional unless it appears beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.  *Sachdeva*, citing *State v. Cook* (1998), 83 Ohio St.3d 404, 409, 700 N.E.2d 570, certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 1122, 143 L.Ed.2d 116.

{¶ 19}  Section 5, Article I of the Ohio Constitution provides for the right of trial by jury in causes of action wherein the right existed at common law at the time the Ohio Constitution was adopted.  *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 421, 633 N.E.2d 504, citing *Belding v. State ex rel. Heifner* (1929), 121 Ohio St. 393, 169 N.E. 301, paragraph one of the syllabus.  There is no right to jury trial "unless that right is extended by statute or existed at common law prior to the adoption of our state Constitution."  *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 356, 533 N.E.2d 743; *Sachdeva*, supra.

{¶ 20}  Schultz contends that because the common-law action for fraud was in existence before the Ohio Constitution was adopted (see *Chapman v. Lee* [1887], 45 Ohio St. 356, 13 N.E. 736), she has a right to a trial by jury on the Industrial Commission's finding that she committed fraud by collecting PTD benefits.  The Industrial Commission and the bureau argue that because the workers' compensation system, wherein an injured worker can initiate a claim against his employer without regard to fault, did not exist at common law, any claim involving workers' compensation benefits is wholly statutory and not subject to the right of trial by jury.

{¶ 21}  It has long been determined in this state that "[t]he rights of employees and their dependents in the Workmen's Compensation Law are not governed by common law, but are only such as may be conferred by the General Assembly."  *Westenberger v. Indus. Comm.* (1939), 135 Ohio St. 211, 212, 14 O.O. 56, 20 N.E.2d 252; *Sachdeva*, supra.  Thus, a finding regarding whether Schultz had a right to her PTD benefits, or instead fraudulently obtained them, involves a right conferred by the General Assembly.

{¶ 22}  Additionally, R.C. 4123.511(J)(4) provides that the administrator "may utilize, the repayment schedule of this division, or any other lawful means, to collect payment of compensation made to a person who was not entitled to the

compensation due to fraud as determined by the administrator or the industrial commission." Thus, while the administrator is generally limited to the repayment schedule set forth in R.C. 4123.511 to recoup an overpayment, a finding of fraud simply empowers the Administrator to use any other lawful means, as would be available to any other creditor, in order to recoup the overpayment. In this manner, the type of "fraud" that is contemplated by R.C. 4123.511 is different from common-law actions for fraud. While R.C. 4123.511 simply empowers the Administrator to act as any other creditor, in common law a finding of fraud could result in punitive damages assessed against the debtor. See *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174.

{¶ 23}  Thus, we find that no right to a trial by jury exists with respect to an Industrial Commission finding of fraud under R.C. 4123.511(J). Accordingly, we overrule Schultz's second assignment of error, and we affirm the judgment of the trial court.

Judgment affirmed.

PETER B. ABELE, P.J., concurs.

EVANS, J., dissents.