OPINION
{¶ 1} Appellant, Randy Wean, appeals from the judgment entry of the Trumbull County Common Pleas Court. On review, we affirm the trial court's judgment entry.
 {¶ 2} This case was initiated as an administrative appeal to the common pleas court from an order of the Industrial Commission of Ohio. Wean filed the administrative appeal in order to challenge the right of a claimant, Calliope C. DeVengencie, to *Page 2 
participate in the Workers' Compensation Fund. At one time, DeVengencie worked for Wean in his retail automotive refinishing products business. The trial court did not reach the merits of Wean's administrative appeal, because the case was dismissed for lack of subject matter jurisdiction. We likewise hold that the order in question is not one that is appealable to the common pleas court.
 {¶ 3} DeVengencie filed a claim for compensation with the Bureau of Workers' Compensation, asserting that she was an employee of Wean's, and also asserting that she had contracted an occupational disease, to wit, occupational asthma, while working for Wean.
 {¶ 4} Her claim was disallowed by the Administrator of the Bureau of Workers' Compensation. She then appealed this disallowance to a district hearing officer. A hearing was held on her claim. The district hearing officer denied her right to participate in the fund, because she could not sustain her burden of proof to establish that her disease was contracted as a result of exposure to chemicals at Wean's place of employment. However, she was found to be an employee of Wean's and not an independent contractor.
 {¶ 5} Her next appeal was to a staff hearing officer of the Industrial Commission of Ohio. Her claim was denied there as well. Finally, she appealed to the Industrial Commission of Ohio, which refused to hear her appeal. She did not appeal the ruling of the Industrial Commission of Ohio to the common pleas court.
 {¶ 6} Wean also filed administrative appeals, but his appeals were denied. His administrative appeals were filed on the basis that DeVengencie was an independent *Page 3 
contractor and not an employee. The final administrative order was issued by the Industrial Commission of Ohio, which refused to hear his appeal.
 {¶ 7} Wean's notice of appeal to the common pleas court appealed the order of the Industrial Commission of Ohio refusing to hear his appeal. He named as parties the Administrator of the Bureau of Workers' Compensation and DeVengencie.
 {¶ 8} Pursuant to Civ.R. 12(B)(1) and (6), the Administrator filed a motion to dismiss Wean's appeal, arguing that R.C. 4123.512(A) precludes Wean's right of appeal to the common pleas court. The Administrator's motion challenged the subject matter jurisdiction of the trial court to hear Wean's administrative appeal (Civ.R. 12(B)(1)) and that Wean did not state a claim upon which relief could be granted (Civ.R. 12(B)(6)).
 {¶ 9} The Administrator's additional argument in his motion to dismiss asserted that Wean had not substantially complied with the filing requirements of R.C. 4123.512(B) to file a notice of appeal in the common pleas court.
 {¶ 10} The trial court granted the Administrator's motion to dismiss on April 19, 2006. Wean has timely appealed the trial court's order to this court.
 {¶ 11} In this court, Wean argues that the common pleas court does have subject matter jurisdiction pursuant to R.C. 4123.512(A) to hear his appeal and that he substantially complied with the filing requirements of R.C. 4123.512(B) for a notice of appeal. In this connection, he has submitted a single assignment of error:
 {¶ 12} "The trial court erred as a matter of law to the substantial prejudice of appellant when it dismissed appellant's appeal which was brought under R.C. 4123.512 on grounds that it lacked subject matter jurisdiction where the plain language of the *Page 4 
statute confers the right of appeal to the alleged employer and where the appellant substantially complied with the statute."
 {¶ 13} The trial court's determination of a motion to dismiss filed pursuant to Civ.R. 12(B)(1), as well as this court's standard of review may be summed up as follows:
 {¶ 14} "After a party files a Civ.R. 12(B)(1) motion to dismiss, the trial court must determine whether the complaint contains allegations of a cause of action that the trial court has authority to decide. * * * The Ohio Supreme Court has further noted that the `trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry.' * * * We apply de novo review to the trial court's decision on a motion to dismiss for lack of subject matter jurisdiction."[1]
 {¶ 15} We are asked to determine if R.C. 4123.512(A) confers subject matter jurisdiction on the common pleas court from an order of the Industrial Commission of Ohio where the appellant is challenging a claimant's right to participate in the Workers' Compensation Fund, but where the claimant's right to participate in the fund has been denied.
 {¶ 16} R.C. 4123.512(A) provides, in pertinent part, as follows:
 {¶ 17} "(A) The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted * * *. * * * If the *Page 5 
claim is for an occupational disease the appeal shall be to the court of common pleas of the county in which the exposure which caused the disease occurred. Like appeal may be taken from an order of a staff hearing officer made under division (D) of section 4123.511 of the Revised Code from which the commission has refused to hear an appeal. The appellant shall file the notice of appeal with a court of common pleas within sixty days after the date of the receipt of the order appealed from or the date of receipt of the order of the commission refusing to hear an appeal of a staff hearing officer's decision under division (D) of section 4123.511 of the Revised Code."
 {¶ 18} Wean asserts that the plain language of the statute would grant him a right of appeal to the common pleas court, as long as he is not appealing the extent of disability. However, the Fourth Appellate District has explained the decisions of the Supreme Court of Ohio, which grant a narrow and limited scope of the right to appeal to the common pleas court from an order of the Industrial Commission:
 {¶ 19} "R.C. 4123.512 provides that a claimant or employer may appeal an Industrial Commission decision to the court of common pleas, `other than a decision as to the extent of disability.' * * * [T]he Supreme Court of Ohio has narrowly construed the scope of R.C. 4123.512 jurisdiction.
 {¶ 20} "A direct appeal to the common pleas court pursuant to R.C.4123.512 is the most limited of the three forms of review available to Industrial Commission litigants.[2] Whether this procedural mechanism is available to a litigant, and hence whether the common pleas court possesses subject matter jurisdiction, depends upon the nature of the decision issued by the Commission.[3] The Ohio Supreme Court has *Page 6 
limited the statutory language of R.C. 4123.512 so that `only decisions reaching an employee's right to participate in the workers' compensation system because of a specific injury or occupational disease are appealable under R.C. 4123.519.'[4]" [5]
 {¶ 21} In further explaining the narrow and limited scope of the right to appeal from an order of the Industrial Commission that pertains to an employee's right to participate in the workers' compensation system, the Supreme Court of Ohio has on two occasions limited an employer's right to appeal from an Industrial Commission order.
 {¶ 22} In Thomas v. Conrad,[6] the court "addressed the issue of whether an employer has a right to appeal, under R.C. 4123.512, an ordernot to terminate participation in the fund."[7] The court inThomas went on to explain its decision not to allow the employer the right to appeal, as follows:
 {¶ 23} "The party who does not prevail — at the time the workers' compensation claim is either granted or terminated — has the right to appeal per R.C. 4123.512. Logically, when the injured worker is granted the right to participate, the right to appeal would be exercised by the employer, since the employee prevailed. The right to appeal would be exercised by the injured worker when he or she is denied the right to participate. When the right to participate is terminated, then, logically, the employee would be exercising the right."[8] *Page 7 
 {¶ 24} Thus, in the Thomas case, the Supreme Court of Ohio "held that the right to appeal an order concerning termination lies only with a claimant whose right is terminated."[9] Likewise, that court stated that an employee who was denied the right to participate is the only person who has a right to appeal the order of denial.[10] We note that, in the instant case, DeVengencie's right to participate was denied, but she has chosen not to appeal such denial to the common pleas court.
 {¶ 25} In 2004, the Supreme Court of Ohio reaffirmed its previous holding in the Thomas case and stated that "the right to appeal an order concerning termination lies only with a claimant whose right is terminated."[11]
 {¶ 26} Though DeVengencie was denied the right to participate in the worker's compensation system instead of having such right terminated, we can perceive no difference as it affects the employer's right to appeal to the common pleas court. Numerous decisions from the Supreme Court of Ohio, some of which have been cited here, stand for the proposition that the right to appeal is narrow and limited. Further, though it was not part of the holding of the Thomas case, that court stated that only the employee whose right to participate has been denied has the right to appeal from an adverse order.[12]
 {¶ 27} We conclude that, whether the employee's right to participate in the workers' compensation system has been denied or terminated, only the employee has a right of appeal to the common pleas court under R.C.4123.512(A) under such circumstances. An employer has a right of appeal only when the employee has *Page 8 
prevailed, that is, at the time the workers' compensation claim is granted.[13] Absent an order that gives an employee the right to participate in the workers' compensation system, the employer does not have a right of appeal under R.C. 4123.512(A).
 {¶ 28} In light of our analysis of the issue of subject matter jurisdiction concerning Wean's appeal to the common pleas court, we do not need to reach the issue of whether he complied with the formalities of R.C. 4123.512(B) to perfect his appeal.
 {¶ 29} The assignment of error is without merit.
 {¶ 30} The judgment of the trial court is affirmed.
MARY JANE TRAPP, J., concurs, COLLEEN MARY OTOOLE, J., dissents.
[1] (Emphasis in original and internal citations omitted.)Brethauer v. Fed. Express Corp. (2001), 143 Ohio App.3d 411, 413.
[2] Felty v. AT T Technologies, Inc. (1992), 65 Ohio St.3d 234,237.
[3] Id.
[4] Id. at paragraph one of the syllabus; Afrates v. Lorain (1992),63 Ohio St.3d 22, paragraph one of the syllabus; Zavatsky v. Stringer
(1978), 56 Ohio St.2d 386, paragraph one of the syllabus.
[5] Schultz v Ohio Bur. of Workers' Compensation, 148 Ohio App.3d 310,2002-Ohio-3622, at ¶ 10-11. See, also, Battin v. Conrad, 11th Dist. No. 2005-T-101, 2006-Ohio-3426, at ¶ 20 and Martin v. Louisiana-PacificCorp. (1996), 113 Ohio App.3d 332, 334.
[6] Thomas v. Conrad (1998), 81 Ohio St.3d 475.
[7] (Emphasis in original.) White v. Conrad, 102 Ohio St.3d 125,2004-Ohio-2148, at ¶ 14.
[8] Thomas v. Conrad, supra, at 479.
[9] White v. Conrad, supra, at ¶ 14.
[10] Thomas v. Conrad, supra, at 479.
[11] White v. Conrad, supra, at ¶ 14.
[12] Thomas v. Conrad, supra, at 479.
[13] Id. *Page 1