GOMEZ, Appellant,

v.

SAUDER WOODWORKING CO. et al., Appellee.

[Cite as *Gomez v. Sauder Woodworking Co.*, 176 Ohio App.3d 453, 2008-Ohio-2377.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. F–07–028.

Decided May 16, 2008.

Marc G. Williams–Young and William R. Menacher, for appellant.

Christopher C. Russell, for appellee.

Osowik, Judge.

{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas, in which the trial court granted summary judgment to appellee, Sauder Woodworking Company ("Sauder"), and upheld the Industrial Commission of Ohio's denial of participation in the Workers' Compensation Fund by appellant, Rogelio Gomez. On appeal, appellant sets forth the following assignment of error:

{¶ 2} "Assignment of Error: The trial court erred in finding no genuine issue of material fact as to whether plaintiff/appellant Rogelio Gomez was exposed to asbestosis material during the course of his employment with defendant/appellee Sauder Woodworking Company and thereby granting defendant/appellee's motion for summary judgment."

{¶ 3} This case arose when appellant filed a workers' compensation claim against two former employers, Sauder and ConAgra Grocery Product Company, LaChoy Division ("ConAgra"), and the Bureau of Workers' Compensation ("bureau"). Appellant alleged that he was entitled to workers' compensation benefits because he was exposed to asbestos during his employment by both Sauder and ConAgra, which caused him to develop asbestos-related injuries. Appellant's claim was denied at all administrative levels.

{¶ 4} On February 24, 2005, appellant appealed the denial of his claims by filing a complaint in the common pleas court against both of his former employers, and the Bureau ("case No. 05CV000026"). Case No. 05CV000026 was later dismissed by appellant and refiled on December 4, 2006. On November 7, 2007, attorneys for appellant, ConAgra, and the bureau filed a joint stipulation dismissing appellant's claims against ConAgra.[1]

{¶ 5} On August 13, 2007, Sauder filed a motion for summary judgment and a memorandum in support, in which it asserted that appellant's injuries were not caused by asbestos exposure that occurred while appellant was working for Sauder. Attached to Sauder's memorandum was Sauder's request for an admission by appellant that he was not exposed to asbestos during his employment at Sauder, which appellant denied. Also attached was a "supplemental interrogatory," in which Sauder asked appellant to respond to its earlier unanswered request for identification of all job duties and/or locations at Sauder where appellant was exposed to asbestos. In addition, Sauder referred to the deposition testimony of its employee, Richard Winzeler,[2] in which Winzeler said he did not know whether appellant was exposed to asbestos while employed at Sauder.

{¶ 6} On September 26, 2007, appellant filed a memorandum in opposition to summary judgment, in which he asserted that contrary to Sauder's position, there was evidence to support that he was exposed to asbestos while working at Sauder. In support of his response, appellant attached a letter from Sauder's Director of Environmental Health and Safety, which stated the company's position that appellant could not have been exposed to "asbestos containing materials of any kind during his work experience at Sauder." To rebut the letter, appellant attached the affidavit of Naeem A. Lughmani, M.D., and appellant's response to Sauder's supplemental interrogatories.

{¶ 7} In his affidavit, Dr. Lughmani stated that appellant suffered from an asbestos-related lung disease known as "pleural thickening," which was confirmed by a CT scan performed on May 9, 2003. Lughmani further stated that he completed a questionnaire based on questions posed to appellant regarding his medical history, in which appellant stated that he was exposed to asbestos while working at Sauder. Lughmani concluded that appellant's condition, "an asbestos related problem shown on CT scan, was more likely than not caused from his asbestos exposure from pipe coverings at his work at Sauder Woodworking."

---

1. Although the bureau remains a defendant in this case, it is not participating in this appeal.

2. Winzeler's deposition was originally taken by appellant as part of case No. 05CV000026. It became part of the record herein on October 2, 2007, when it was filed by Sauder.

{¶ 8} In his reply to Sauder's supplemental interrogatory, appellant stated that while employed at Sauder as a glue coater and later as a utility man, he was in many different buildings "and was exposed to asbestos many times while working in the buildings." Appellant specifically stated that he was exposed to and inhaled asbestos dust while working in Warehouse Number 1, which was demolished during appellant's term of employment. Appellant also stated that he worked in the Elm Street building and the Sauder Street plant, in which he helped to clean up asbestos after a fire. Included as part of appellant's response was a map of the Sauder compound. Portions of the map were highlighted to show which buildings appellant worked in while employed by Sauder.

{¶ 9} Appellant also referred to Winzeler's deposition testimony. In addition to the statements relied upon by Sauder, Winzeler stated in his deposition that he managed asbestos abatement projects in 1988 and 1996 at Sauder's Elm Street Plant and its Products Center. The abatement included removing asbestos insulation from steam heating pipes in those buildings. Winzeler testified that prior to removal of the asbestos, the buildings were heated by blowing air over heated coils near the ceiling. Winzeler did not know whether any asbestos was removed prior to 1988.

{¶ 10} Appellant further relied on his own deposition,[3] in which appellant stated that he worked for Sauder from 1986 until 2000. The last seven years of his employment, he traveled from building to building, performing tasks as needed. Appellant stated that he also worked in the "mill," which was dusty and had buckling insulation around the heating pipes. Appellant testified that when the heating pipes were replaced, he was told by unidentified "maintenance people" that the insulation material being removed was asbestos. Appellant said that his job duties also included picking up oil-soaked insulation from leaking pipes and placing it in barrels for disposal and that the materials he disposed of were identical to the asbestos materials he handled at his previous job for ConAgra.

{¶ 11} Appellant stated that he was a smoker until 1974 and that he served in Vietnam from 1967 to 1969. At the time of the deposition, in addition to asbestosis, appellant said that he suffered from Parkinson's disease, asthma, and sleep apnea. Appellant also said that he was fired from Sauder in 2000, after which he began seeing a psychologist.

{¶ 12} On October 2, 2007, Sauder filed a reply, in which it stated that appellant's response to the supplemental interrogatory should be disregarded by the trial court because it contained self-serving hearsay, contradicted statements

---

3. Like that of Winzeler, appellant's deposition was originally was taken in case No. 05CV000026 and was later made a part of the record in this case when it was filed by Sauder on October 5, 2007.

made in appellant's deposition, and was submitted solely to create an issue of fact and avoid the granting of summary judgment to Sauder. Appellant filed a motion for leave to file a surreply; however, the motion was never granted by the trial court, and is therefore presumed to have been denied.

{¶ 13} On October 5, 2007, the trial court filed a judgment entry in which it found that appellant failed to present any evidence that he was exposed to asbestos while working for Sauder. The trial court further found that appellant's response affidavit consisted of his own self-serving statement and did not include names of anyone who could corroborate his claim of asbestos exposure or any other evidence that he was exposed to asbestos. The trial court also noted that appellant was a smoker for years and was exposed to asbestos while working for ConAgra. Ultimately, the trial court concluded that although appellant undoubtedly suffered from an asbestos-related disease, appellant was "unable to support any of his allegations of exposure to asbestos while working at Sauder." Accordingly, the trial court granted summary judgment to Sauder and dismissed appellant's claim for workers' compensation benefits. A timely notice of appeal was filed on November 2, 2007.

{¶ 14} In his sole assignment of error, appellant asserts that the trial court erred by granting summary judgment to Sauder. In support, appellant argues that he presented evidence through Winzeler's testimony that several of Sauder's buildings did, indeed, contain asbestos and that the asbestos was blown down from heating pipes near the ceiling. Appellant further argues that through his deposition, he presented unrebutted evidence that (1) he worked in buildings that contained asbestos-insulated pipes and (2) he disposed of oil-soaked asbestos insulation as part of his job. Accordingly, appellant argues that he presented evidence sufficient to raise a genuine issue of fact as to whether, while working at Sauder, he was exposed to asbestos that proximately caused his asbestos-related disease.

{¶ 15} We note at the outset that an appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198; *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 16} Initially, the party seeking summary judgment bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. *Dresher v. Burt* (1996), 75

Ohio St.3d 280, 293, 662 N.E.2d 264. The motion may be filed "with or without supporting affidavits." Civ.R. 56(A). Thereafter, the burden shifts to the nonmoving party to show why summary judgment is inappropriate. Civ.R. 56(E). "If the non-movant fails to respond, or fails to support its response with evidence of the kind required by Civ.R. 56(C), the court may enter summary judgment in favor of the moving party." *Snyder v. Ford Motor Co.*, 3d Dist. No. 1–05–41, 2005-Ohio-6415, 2005 WL 3274868, ¶ 11; Civ.R. 56(E).

{¶ 17} Pursuant to R.C. 4123.512, decisions as to a party's right to participate in the workers' compensation system due to a specific injury are appealable to the court of common pleas of the jurisdiction in which the injury occurred. *Wean v. Mabe*, 11th Dist. No. 2006–T–0064, 2007-Ohio-1774, 2007 WL 1113256, ¶ 20, fn. 5, citing *Schultz v. Ohio Bur. of Workers' Comp.*, 148 Ohio App.3d 310, 2002-Ohio-3622, 772 N.E.2d 1253, ¶ 10–11. On appeal, the claimant has the burden of going forward, as well as the ultimate burden of proof. *Morehead v. Mayfield* (May 1, 1986), 5th Dist. No. CA–799, 1986 WL 5267. In order to establish a right to participate in the Workers' Compensation Fund, a claimant must show that he or she was exposed to asbestos, that that exposure took place at the employer's facility, and that it was the proximate cause of the claimant's injury. *Snyder*, supra, ¶ 31.

{¶ 18} The term "proximate cause," as used in workers' compensation cases, is " 'a happening or event which as a natural and continuous sequence produces an injury without which the result would not have occurred.' " Id., quoting *Zavasnik v. Lyons Transp. Lines, Inc.* (1996), 115 Ohio App.3d 374, 377, 685 N.E.2d 567. In other words, but for the exposure to asbestos, an asbestos-related illness would not have occurred. Id. In addition, in cases in which expert medical testimony is required to establish a causal connection between the exposure and a subsequent medical condition, "the proof must establish a probability and not a mere possibility of such causal connection." *Randall v. Mihm* (1992), 84 Ohio App.3d 402, 406, 616 N.E.2d 1171; *Snyder*, supra. "Proof by a reasonable degree of medical probability means that the condition more likely than not caused the injury." *Douglas v. Ohio Bur. of Workers' Comp.* (1995), 105 Ohio App.3d 454, 461, 664 N.E.2d 565.

{¶ 19} The record contains undisputed evidence that appellant worked for Sauder between 1986 and 2000. Appellant testified that during that time, he handled insulation material from the overhead heating pipes in several of Sauder's buildings, including Warehouse 1, the Elm Street plant, and the Sauder plant. Although appellant did not claim to have first-hand knowledge of the nature of the materials he removed from Sauder's buildings, appellant testified in his deposition that other workers told him the insulation material was asbestos. In addition, appellant testified that the materials he handled at Sauder were identical to the asbestos he was exposed to while working for ConAgra. Winzeler

testified that in 1998, he supervised the removal of asbestos from heating pipes in the Elm Street plant and in 1996, asbestos was removed from the "Products Center."

{¶ 20} As to appellant's medical condition, Lughmani stated in his affidavit that appellant was suffering from "pleural effusion," an asbestos-related condition. Lughmani concluded that it was "more likely than not," i.e., probable, that appellant was exposed to asbestos during his employment with Sauder.

{¶ 21} This court has considered the entire record that was before the trial court and, upon consideration thereof, finds that appellant's testimony and affidavit, Winzeler's testimony, and Lughmani's medical opinion, taken together, constitute evidence sufficient to raise a genuine issue of fact as to whether appellant was exposed to asbestos during his employment at Sauder, which resulted in appellant contracting an asbestos-related disease. Accordingly, the trial court erred when it found that appellant had presented no evidence to support his claim and granted summary judgment to Sauder on that basis. Appellant's sole assignment of error is, therefore, well taken.

{¶ 22} The judgment of the Fulton County Court of Common Pleas is reversed, and the case is remanded to the trial court for further proceedings consistent with this decision and judgment entry. Appellee, Sauder, is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.

Judgment reversed
and cause remanded.

PIETRYKOWSKI, P.J., and HANDWORK, J., concur.