WHITE, APPELLANT, *v.* CONRAD, ADMR., APPELLEE, ET AL.

[Cite as *White v. Conrad,* 102 Ohio St.3d 125, 2004-Ohio-2148.]

(No. 2002–1550—Submitted September 17, 2003—Decided May 12, 2004.)

PFEIFER, J.

### Factual and Procedural Background

{¶ 1} On April 11, 1989, veterinarian Porter White died in an automobile accident while responding to an emergency for his employer, Animal Centre of Medina, Inc. Pursuant to R.C. 4123.59(B) and (D), Porter's surviving spouse, plaintiff-appellant, Audrey White, was awarded workers' compensation death benefits. Under R.C. 4123.59(B)(1), those benefits would continue until her death or remarriage.

{¶ 2} On August 30, 1997, Audrey married David Smith, a dentist from Kansas. Pursuant to R.C. 4123.59(B)(1), defendant-appellee, Bureau of Workers' Compensation ("bureau"), issued Audrey a two-year lump-sum payment of death benefits. Less than two years later, Audrey initiated divorce proceedings against Smith, and on July 5, 2000, their marriage was annulled by the District Court of Johnson County, Kansas. The Kansas court granted the annulment because it found that

the marriage had been induced by fraud—Smith had concealed from Audrey his use of and addiction to crack cocaine.

{¶ 3} On July 31, 2000, Audrey filed a motion with the bureau seeking reinstatement of death benefits. A district hearing officer denied her motion, a staff hearing officer affirmed that decision, and the Industrial Commission of Ohio refused to hear her appeal. Audrey then appealed from the order to the Medina County Court of Common Pleas. The trial court reversed the order, finding that Audrey was entitled to participate in the workers' compensation fund as the surviving spouse of Porter White. The court found that Audrey should receive death benefits retroactive to the date they had been terminated and that Audrey could not retain the lump-sum payment she had received. The trial court held, "Because [after the annulment, Audrey must] be treated legally as if she had never remarried, * * * there is simply no new 'right to participate' or 'extent of disability' issue to decide. [Audrey] remains a dependent for purposes of workers' compensation benefits, just as if she [had] never remarried."

{¶ 4} The bureau appealed from the trial court's decision. The appellate court reversed the trial court's judgment, holding that the trial court had lacked subject matter jurisdiction to determine whether Audrey was entitled to payment of further compensation. The court found that the issue was an extent-of-the-disability question rather than a right-to-participate question and was thus not appealable to the trial court pursuant to R.C. 4123.512. The appellate court cited this court's statement in *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276, 280, 737 N.E.2d 519, that "any issue other than whether the injury, disease, or death resulted from employment does not constitute a right-to-participate issue" and is thus not appealable to a common pleas court.

{¶ 5} The cause is before this court upon the allowance of a discretionary appeal.

## Law and Analysis

{¶ 6} R.C. 4123.59 provides that if an injury causes an employee's death, benefits will be paid to persons wholly dependent on the employee at the time. A surviving spouse is "presumed to be wholly dependent for [his or her] support upon a deceased employee." R.C. 4123.59(D)(1).

{¶ 7} Orders regarding death benefits are "appealable pursuant to sections 4123.511 to 4123.512 of the Revised Code." R.C. 4123.59(E). R.C. 4123.512(A) allows a claimant to appeal an order of a staff hearing officer from which the commission has refused to hear an appeal in "an injury or occupational disease case, *other than a decision as to the extent of disability* to the court of common pleas of the county in which the injury was inflicted * * *." (Emphasis added.)

{¶ 8} The appellate court's decision rested on *Liposchak,* 90 Ohio St.3d 276, 278, 737 N.E.2d 519, in which we held that "dependency issues do not invoke the basic right to participate in the workers' compensation system and, therefore, are not appealable." Id. at 278, 737 N.E.2d 519. Although the issue in *Liposchak* concerned an appeal of a determination under R.C. 4123.60, the court also spoke as to determinations regarding death benefits under R.C. 4123.59:

{¶ 9} "[W]e hold that although death benefits may be granted or denied based on dependent status as defined in R.C. 4123.59, the denial or grant of such benefits is not appealable unless it concerns the causal connection between injury, disease, or death and employment." *Liposchak,* 90 Ohio St.3d at 281, 737 N.E.2d 519.

{¶ 10} However, this case is distinguishable from *Liposchak.* Pursuant to R.C. 4123.512(D), appealable orders are of two kinds: those which, like in *Liposchak,* involve the right to participate and those that, as in this case, involve the right to *continue* to participate. *Liposchak* defines the issue that may be appealed in a right-to-participate case: was the injury, occupational disease, or death causally related to the worker's employment? But once it is determined that a claimant has a right to participate, a later termination of participation is a right-to-*continue*-participation case, to which *Liposchak* does not apply.

{¶ 11} In the instant case, Audrey's right to participate in the fund had already been established—given the statutory presumption of dependency—when it was determined that Porter's death arose in the course and scope of his employment. The bureau then later found that Audrey no longer had a continued right to participate and terminated her participation.

{¶ 12} This court has consistently acknowledged that a claimant has the right to appeal to a common pleas court an order that terminates his right to participate:

{¶ 13} "Once the right of participation for a specific condition is determined by the Industrial Commission, no subsequent rulings, *except a ruling that terminates the right to participate,* are appealable pursuant to R.C. 4123.519." (Emphasis added.) *Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 602 N.E.2d 1141, paragraph two of the syllabus.

{¶ 14} In *Thomas v. Conrad* (1998), 81 Ohio St.3d 475, 692 N.E.2d 205, this court addressed the issue of whether an employer has a right to appeal, under R.C. 4123.512, an order *not* to terminate participation in the fund. This court held that the right to appeal an order concerning termination lies only with a claimant whose right is terminated.

{¶ 15} Audrey is a claimant whose participation in the fund was terminated. She thus has a right to appeal to a common pleas court under R.C. 4123.512.

{¶ 16} The substantive issue of whether an annulment of a remarriage puts a deceased employee's surviving spouse back in the position where she is entitled to receive death benefits was left unanswered by the court below, when the court found the issue moot. We remand this cause to the court of appeals for consideration of that issue.

Judgment reversed
and cause remanded.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

O'DONNELL, J., dissents and would affirm.

–––––––––––––

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy, for appellant.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, and Mark E. Mastrangelo and Jeffrey B. Duber, Assistant Attorneys General, for appellee.