DECISION AND JOURNAL ENTRY
{¶ 1} This cause is before this Court pursuant to remand by the Supreme Court of Ohio. The Supreme Court has determined that Appellee, Audrey White, was entitled to file an appeal with the court of common pleas challenging the ruling of the Bureau of Workers' Compensation ("Bureau") which is at issue in this case. See White v. Conrad (2004),102 Ohio St.3d 125, 127. The Supreme Court has instructed this Court to consider an issue found moot and not addressed by this Court in its initial opinion on this matter. Id. at 128. We affirm the decision of the Medina County Court of Common Pleas.
 I. {¶ 2} The parties stipulated to the following facts. On April 11, 1989, Porter White died in an automobile accident which occurred in the course of and arose out of his employment with the Animal Centre of Medina. Appellee, White's widow, was awarded workers' compensation death benefits pursuant to R.C. 4123.59.
 {¶ 3} Appellee remarried on August 30, 1997. Pursuant to R.C.4123.59(B), the Bureau gave her a lump sum payment equal to two years of death benefits. Appellee's second marriage was annulled by a decree entered by the District Court of Johnson County, Kansas on July 5, 2000. Appellee filed a claim with the Bureau to reinstate her widow's death benefits. Appellee argued that, because her second marriage was nullified, she was entitled to receive the death benefits again.
 {¶ 4} Appellee filed a motion to reinstate her death benefits. A district hearing officer denied her motion, and a staff hearing officer affirmed this decision. Appellee appealed to the Industrial Commission of Ohio, and it declined to hear her appeal. Appellee then filed an appeal with the Medina County Court of Common Pleas. The trial court reversed the order, determining that because her second marriage was annulled, Appellee was entitled to receive widow's death benefits retroactive to the date they had been terminated.
 {¶ 5} Appellant, the administrator of the Bureau, appealed from the decision of the trial court. Appellant raised two assignments of error in his appeal. The first assignment of error challenged the jurisdiction of the trial court to hear the matter; the second assignment of error challenged the substance of the trial court's decision. This Court reversed the decision of the trial court on the ground raised by Appellant's first assignment of error, finding that the trial court did not have jurisdiction over the matter as it was not appealable pursuant to R.C. 4123.512. See White v. Conrad, 9th Dist. No. 3287-M, 2002-Ohio-3754. The Ohio Supreme Court reversed this Court's judgment and remanded the cause for consideration of the substantive issue raised by Appellant's second assignment of error.
 II. Assignment of Error No. 2
"The trial court committed prejudicial error by determining that an annulment of a surviving spouse's second marriage entitled her to reinstatement of ohio workers' compensation death benefits after payment of the two-year lump sum, on account of remarriage, had been made to the surviving spouse."
 {¶ 6} In his second assignment of error, Appellant contends that the trial court erred by determining that the annulment of Appellee's second marriage entitled her to the reinstatement of her widow's death benefits. We disagree.
 {¶ 7} Appellant's second assignment of error presents questions of law only. Therefore, our review is de novo. Wayne Mut. Ins. Co. v. Parks, 9th Dist. No. 20945, 2002-Ohio-3990, at ¶ 13.
 {¶ 8} R.C. 4123.59 provides for the payment of death benefits to those persons wholly dependent upon an employee who has died as a result of a work-connected injury or occupational disease. R.C. 4123.59(B); State exrel. Doersam v. Industrial Comm. (1989), 45 Ohio St.3d 115, 117. Benefits paid to a dependent spouse continue until the death or remarriage of that spouse. R.C. 4123.59(B)(1); White v. Conrad (2004), 102 Ohio St.3d at 125. Appellee's benefits were terminated pursuant to this provision when she remarried in 1997. As the trial court observed, the determinative issue in this case is whether or not the subsequent annulment of that second marriage by a Kansas court reverses the termination of her benefits effected by R.C. 4123.59(B)(1).
 {¶ 9} Under both Kansas and Ohio law, the entry of an annulment decree renders a marriage invalid from its inception. Zsigmond v. Vandemburg
(Dec. 29, 1995), 11th Dist. No. 95-P-0006; In re Estate of Crump (1946),161 Kan. 154, 159. Accordingly, the annulled marriage is treated as though it never existed. Id. If, in the eyes of the law, Appellee's second marriage never existed, it follows that her death benefits cannot be terminated on the basis of this marriage, and that she is entitled to a restoration of those benefits retroactive to the date of termination. It also follows that she is not entitled to retain any portion of the lump sum payment she received pursuant to R.C. 4123.59(B)(1).
 {¶ 10} Appellant's second assignment of error is overruled.
 III. {¶ 11} Appellant's second assignment of error is overruled, and the decision of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Slaby, J. Concur