DECISION.
{¶ 1} Defendant-appellant Hamilton County Educational Service Center ("HCESC") appeals from the trial court's entry dismissing its administrative appeal pursuant to R.C. 4123.512 for lack of subject-matter jurisdiction.
 {¶ 2} HCESC's appeal to the common pleas court stemmed from injuries plaintiff-appellee Diazonia Benton sustained on March 19, 2003, in a motor vehicle accident. On February 18, 2005, Benton filed an application for workers' compensation benefits in which she claimed that her injuries had occurred in the scope of her employment with HCESC. On March 9, 2005, Benton's workers' compensation claim was allowed for neck sprain, lumbar sprain, and a contusion to her left elbow. HCESC received the order, but did not appeal the allowance of Benton's claim.
 {¶ 3} On April 27, 2005, Benton filed a C-86 motion requesting that her workers' compensation claim be amended to allow the additional conditions of radiculopathy and a herniated disc at L5-S1. HCESC elected to have Benton undergo an independent medical examination by Dr. Roger Meyer, who determined that Benton's other conditions were causally related to her original industrial injury. As a result, both a district hearing officer ("DHO") and a staff hearing officer ("SHO") allowed Benton's workers' compensation claim for these additional conditions.
 {¶ 4} HCESC did not appeal the SHO's allowance of these additional conditions. Instead, on February 3, 2006, it filed a C-86 motion requesting that the Industrial Commission exercise continuing jurisdiction over Benton's claim under R.C. 4123.52 and make a finding that Benton had committed fraud by filing a claim *Page 3 
for workers' compensation benefits for injuries that had not occurred in the course or scope of her employment with HCESC. HCESC sought an order from the Industrial Commission terminating Benton's right to continued participation in the workers' compensation fund and reimbursing it for workers' compensation benefits wrongfully paid to Benton.
 {¶ 5} A DHO denied HCESC's motion. A SHO affirmed the DHO's ruling, finding no evidence that Benton had misrepresented her account of the March 2003 accident. The Industrial Commission declined to hear HCESC's appeal. HCESC then filed a timely notice of appeal with the common pleas court pursuant to R.C. 4123.512(A). Benton filed a complaint as statutorily required. She then moved to dismiss HCESC's appeal on the basis that the trial court lacked subject-matter jurisdiction. The trial court granted Benton's motion to dismiss. This appeal followed.
 {¶ 6} In its sole assignment of error, HCESC argues the trial court erred in dismissing its appeal from the Industrial Commission for lack of subject-matter jurisdiction.
 {¶ 7} R.C. 4123.512(A) provides that a "claimaint * * * may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in an injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted * * *." The Ohio Supreme Court has interpreted R.C. 4123.512 narrowly to allow claimants and employers to appeal only those Industrial Commission orders that involve a claimant's right to participate or to continue to participate in the *Page 4 
workers' compensation fund.[1] The supreme court has further held that the only right-to-participate question that is subject to judicial review is "whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment."[2]
Determinations as to the extent of a claimant's disability, on the other hand, are not appealable to the common pleas court and must be challenged in an action for mandamus.[3]
 {¶ 8} HCESC contends that the trial court had jurisdiction to entertain its appeal under R.C. 4123.512, because it had alleged that Benton had committed fraud and had directly sought the termination of her right to continue participating in the workers' compensation fund. Benton and the Administrator argue, on the other hand, that the Industrial Commission's refusal to exercise continuing jurisdiction to make a fraud determination was not a right-to-participate issue under R.C. 4123.512, and was, therefore, outside the jurisdiction of the common pleas court.
 {¶ 9} Although this court has not specifically addressed this issue, we recognize that there is a split of authority among appellate districts regarding whether an employer's allegation of fraud is appealable under R.C. 4123.512. HCESC relies on cases from the Fifth and Tenth Appellate Districts that hold that such issues are appealable, while Benton and the Administrator rely primarily upon *Page 5 
the reasoning in a Second Appellate District case and an Eleventh Appellate District case, which hold that they are not.
 {¶ 10} In Jones v. Massillon Bd. of Edn., the Fifth Appellate District held that the court of common pleas had jurisdiction over Industrial Commission decisions regarding the termination of a claimant's right to participate due to fraud in establishing the claim.[4] In that case, the employer had certified an employee's claim for a knee injury. Five months later, however, the employer moved to disallow the claim on the basis of newly discovered evidence that the employee's knee injury had not occurred within the course and scope of his employment, but was actually the result of a nonoccupational, recreational, sports injury that he had sustained two years earlier. The Fifth Appellate District held that because the employer's motion had sought to discontinue the employee's "right to participate in the State Insurance Fund," the employer could appeal the commission's decision refusing to disallow the claim.
 {¶ 11} In Moore v. Trimble, the Tenth Appellate District held that the common pleas court had jurisdiction to entertain an employer's appeal from the denial of its C-86 motion requesting the vacation of an employee's claim based upon newly discovered evidence that the employee had been injured at home, lifting a motorcycle, and not at the workplace.[5] The court held that because the employer had attempted to terminate the employee's right to participate based upon the employee's alleged fraud, the court had jurisdiction to entertain the employer's appeal under R.C. 4123.519. *Page 6 
 {¶ 12} In Thomas v. Conrad, the Second Appellate District rejected an employer's argument that the trial court had erred in dismissing its appeal under R.C. 4123.512 because it concerned "whether [an employee] had a right to continue participating in the workers' compensation system in light of `intervening' dog attack injuries she [had] sustained."[6] In concluding that the employer's motion and the Industrial Commission's ruling were not appealable because they had involved the extent of the employee's disability, the court analyzed and criticized the holdings of the Fifth and Tenth Appellate Districts inJones and Moore. The Second Appellate District then certified the case to the Ohio Supreme Court for review.
 {¶ 13} Although the Ohio Supreme Court ultimately affirmed the Second Appellate District's decision in Thomas v. Conrad, it rejected the court's analysis of Jones and Moore.[7] The supreme court held that the employer in Thomas, unlike the employers in Jones andMoore, had not raised the issue of fraud or questioned Thomas's original claim for benefits.[8] Rather, the employer's motion had "involved [an intervening] dog attack and its effect on Thomas's allowed conditions."[9] Thus, the employer had only raised a question as to the extent of Thomas's disability.[10]
 {¶ 14} The supreme court went on to state that its opinion did "not change the reasoning of the courts of appeal in Moore v. Trimble and inJones v. Massillon Board of Education" because the "employers inMoore and Jones [had] questioned the claimant's right to continue to participate in the fund, alleging fraud with regard *Page 7 
to the facts surrounding the respective claimants' initial claims and "[had] challenged each claimant's right to participate and tried to terminate that right."[11]
 {¶ 15} In Brown v. Thomas Asphalt Paving Co., [12] the Eleventh Appellate District held, in a two-to-one decision, that the common pleas court lacked subject-matter jurisdiction under R.C. 4123.512 to entertain an employer's appeal on allegations of fraud. The trial court had relied on language in Thomas v. Conrad to permit an employer's appeal and a subsequent trial on the issue of the employee's fraud. A majority of the appellate court, however, concluded that the supreme court's language explaining Moore and Jones was merely dicta and was thus not binding on it. The majority then relied on a case it had earlier decided, Harper v. Administrator, Bureau of Workers'Compensation'[13] to conclude that the common pleas court lacked jurisdiction.
 {¶ 16} After carefully reviewing these conflicting authorities and the parties' briefs, we are persuaded that the Fifth and Tenth Appellate Districts' approach is the better-reasoned position. In those cases, the employers made a factually similar argument to the one that HCESC makes here, that the claimant was not injured within the course and scope of his employment. Furthermore, the Harper decision, upon which the Eleventh Appellate District relied in the Brown case, is factually distinguishable in that the employer in Harper had argued that the employee had committed fraud by failing to disclose an extant shoulder condition.
 {¶ 17} While we recognize that the supreme court has not squarely addressed this issue, we believe that the rationale and dicta in theThomas case *Page 8 
supports the conclusion that HCESC's motion for fraud directly questioned whether Benton's injury had occurred in the course of and had arisen out of her employment with HCESC. As the Ohio Supreme Court stated in State ex. rel. Liposchak v. Indus. Comm., "whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment" is a right-to-participate issue that is appealable to the common pleas court[14]
 {¶ 18} Because HCESC's motion in this case related directly to Benton's right to continue participating in the workers' compensation fund for the injuries she had sustained in the March 19, 2003, automobile accident, it was proper for HCESC to have appealed the Industrial Commission's decision to the trial court under R.C. 4123.512. We, therefore, reverse the judgment of the trial court and remand this case for further proceedings consistent with this decision and the law.
Judgment reversed and cause remanded.
HlLDEBRANDT, P.J., and CUNNINGHAM, J., concur.
[1] White v. Conrad, 102 Ohio St.3d 125, 2004-Ohio-2148,807 N.E.2d 327, at ¶ 10-13, citing Felty v. AT T Technologies, Inc. (1992),65 Ohio St.3d 234, 239, 602 N.E.2d 1141; see, also, Lawson v. Robert LeeBrown, Inc. (Mar. 20, 1998), 1st Dist. Nos. C-970109 and C-970132.
[2] State ex. rel. Liposchak v. Indus. Comm., 90 Ohio St.3d 276, 279,2000-Ohio-73, 737 N.E.2d 519; Felty, supra, at paragraph two of the syllabus; Afrates v. Lorain (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus; State ex rel. Evans v. Indus. Comm.,64 Ohio St.3d 236, 1992-Ohio-8, 594 N.E.2d 609.
[3] Id.; Thomas v. Conrad (1998), 81 Ohio St.3d 475, 477,692 N.E.2d 205; Felty, supra, at paragraph two of the syllabus.
[4] (June 13, 1994), 5th Dist. No. 94CA0018.
[5] (Dec. 21, 1993), 10th Dist. No. 93APE08-1084.
[6] (Feb. 14, 1997), 2nd Dist. Nos. 15873 and 15898.
[7] 81 Ohio St.3d 475, 692 N.E.2d 205.
[8] Id. at 478-479.
[9] Id.
[10] Id.
[11] Id.
[12] 11th Dist. No. 2000-P-0098, 2001-Ohio-8720.
[13] (Dec. 17, 1993), 11th Dist. No. 93-T-4863.
[14] Liposchak, supra, at 279; see, also, Felty, supra, at paragraph two of the syllabus; Afrates, supra, at paragraph one of the syllabus;State ex rel Evans, supra, at paragraph one of the syllabus; see, also,State ex rel. Forest v. Anchor Hocking Consumer Glass, 10th Dist. No. 03AP-190, 2003-Ohio-6077, at ¶ 6 (stating that "[i]n an appeal pursuant to R.C. 4123.512, the issues to be addressed by the trial court would be those relating to the presence of a medical condition and whether or not it was a work-related injury"). *Page 1