BENTON ET AL., APPELLANTS, *v.* HAMILTON COUNTY EDUCATIONAL

SERVICE CENTER, APPELLEE.

**[Cite as *Benton v. Hamilton Cty. Educational Serv. Ctr.*,**

**123 Ohio St.3d 347, 2009-Ohio-4969.]**

*Workers' Compensation — R.C. 4123.512 — Subject-matter jurisdiction of common pleas court on appeal — Refusal of the Industrial Commission to discontinue a claim does not involve the right of the claimant to participate in the workers' compensation fund under R.C. 4123.512, and thus, a court of common pleas lacks subject matter jurisdiction on appeal — Judgment reversed.*

(Nos. 2008-1946 and 2008-1949 — Submitted June 2, 2009 — Decided

September 29, 2009.)

APPEAL from and CERTIFIED by the Court of Appeals for Hamilton County, No.

C-070223, 2008-Ohio-4272.

_____

**SYLLABUS OF THE COURT**

Refusal of the Industrial Commission to discontinue a claim does not involve the right of the claimant to participate in the workers' compensation fund under R.C. 4123.512, and thus, a court of common pleas lacks subject matter jurisdiction on appeal.

_____

**LANZINGER, J.**

**{¶ 1}** We are asked to determine whether refusal by the Industrial Commission to find employee fraud in order to exercise continuing jurisdiction over a workers' compensation claim is a right-to-participate issue under R.C. 4123.512. We hold that it is not. Therefore, R.C. 4123.512 does not vest the

court of common pleas with subject matter jurisdiction to hear this appeal from the Industrial Commission.

## I.  Case Background

{¶ 2}  Diazonia Benton, an employee of Hamilton County Educational Service Center ("Hamilton ESC"), was injured in a motor vehicle accident on March 19, 2003.  Benton filed a "first report of injury" with the Bureau of Workers' Compensation ("BWC") on February 18, 2005, claiming that she had been injured in the accident while driving for Hamilton ESC to pick up the medical forms of a client.  In March 2005, the BWC granted the claim and allowed Benton to participate in the workers' compensation fund.  Hamilton ESC did not appeal that determination within the 60 days allowed by R.C. 4123.512(A).

{¶ 3}  On February 3, 2006, Hamilton ESC filed a motion asking the Industrial Commission to find fraud and terminate Benton's participation in the fund.  The motion alleged that Benton had misrepresented her purpose for driving in 2003 and that she had not been in the scope of her employment when she was injured.  A district hearing officer denied the motion, finding no evidence of fraud, and a staff hearing officer affirmed.  The commission declined to hear further appeal.

{¶ 4}  Hamilton ESC filed a notice of appeal with the Hamilton County Court of Common Pleas. Benton filed a motion to dismiss the appeal for lack of subject matter jurisdiction, asserting that "alleging common law fraud does not go to the right to participate under [R.C.] 4123.512."  The court granted the motion.

{¶ 5}  The First District Court of Appeals reversed, holding that the common pleas court had subject matter jurisdiction because the Industrial Commission's refusal to exercise continuing jurisdiction to make a finding of fraud is an issue involving the right to participate in the fund under R.C. 4123.512. *Benton v. Hamilton Cty. Educational Serv. Ctr.*, 1st Dist. No.070223,

2008-Ohio-4272, ¶ 18. The court then certified its decision as being in conflict with decisions from the Second and Eleventh District Courts of Appeals. The Bureau of Workers' Compensation now seeks determination of the following proposition of law: "A court of common pleas lacks jurisdiction to hear appeals under R.C. 4123.512 once a workers' compensation claimant's right to participate is established and has not been appealed or discontinued." We also recognized the certified conflict, "Whether the refusal by the Industrial Commission of Ohio to exercise continuing jurisdiction to make a finding of fraud is a right to participate issue under R.C. 4123.512." *Benton v. Hamilton Cty. Educational Serv. Ctr.*, 120 Ohio St.3d 1450, 2008-Ohio-6813, 898 N.E.2d 966.

## II. Legal Analysis

### A. Administrative and Common Pleas Jurisdiction

{¶ 6} Under R.C. 4123.52, the Industrial Commission of Ohio is vested with continuing jurisdiction over certain of its orders. The commission may exercise its continuing jurisdiction in cases of "(1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by an inferior tribunal." *State ex rel. Nicholls v. Indus. Comm.* (1998), 81 Ohio St.3d 454, 459, 692 N.E.2d 188. When the commission refused to exercise its continuing jurisdiction in Benton's case, the employer appealed to the common pleas court. We must now determine whether that court has jurisdiction to hear such an appeal.

{¶ 7} Courts of common pleas have been given jurisdiction by statute to hear appeals in workers' compensation matters. "Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such jurisdiction as is conferred on them under the provisions of the Workmen's Compensation Act." *Jenkins v. Keller* (1966), 6 Ohio St.2d 122, 35 O.O.2d 147, 216 N.E.2d 379, paragraph four of the syllabus.

**{¶ 8}** R.C. 4123.512(A) states, "The claimant or the employer may appeal an order of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas * * *." We have explained that appeals are limited to cases involving "whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment." *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276, 279, 737 N.E.2d 519. The issue to be determined is whether the appeal involves the claimant's right to participate or continue to participate in the fund. See R.C.4123.512(D). Claimants and employers may appeal Industrial Commission orders to a common pleas court under R. C. 4123.512 only when the order grants or denies the claimant's right to participate. *Liposchak* at 279. Determinations as to the extent of a claimant's disability must be challenged in mandamus. Id. at 278-279.

**{¶ 9}** Here, the commission found no evidence of fraud and thus declined to exercise continuing jurisdiction to reconsider the allowance of Benton's claim. Therefore, we must determine whether that determination is itself an issue involving the right to participate under R.C. 4123.512. If the issue does involve the right to participate, then the court of common pleas may hear the appeal; if not, the court of common pleas lacks subject matter jurisdiction, but the employer may file a complaint in mandamus with the Tenth District Court of Appeals.

**{¶ 10}** We have held that R.C. 4123.512 authorizes appeals only in limited circumstances. *Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 238, 602 N.E.2d 1141. "The courts simply cannot review all the decisions of the commission if the commission is to be an effective and independent agency. Unless a narrow reading of [the statute] is adhered to, almost every decision of the commission, major or minor, could eventually find its way to common pleas court." Id.

4

### B. Right to Participate

{¶ 11} For the reasons that follow, we hold that refusal of the Industrial Commission to discontinue a claim does not involve the right of the claimant to participate in the workers' compensation fund under R.C. 4123.512, and thus, a court of common pleas lacks subject matter jurisdiction on appeal.

{¶ 12} First, the Industrial Commission's decision on a claimant's right to participate is a threshold determination. "When [the right-to-participate question has been answered affirmatively], the claimant has cleared the first hurdle, and then may attempt to establish his or her extent of disability." *Liposchak*, 90 Ohio St.3d at 279, 737 N.E.2d 519. Benton's initial claim was allowed, and Hamilton ESC did not appeal her right to participate. If it had, the court of common pleas would have fully reviewed the initial right-to-participate determination, including any allegations of fraud. R.C. 4123.512(A). Hamilton ESC may not stand in the position it would have if it had alleged fraud on appeal of the allowance of the claim.

{¶ 13} Second, district and staff hearing officers did review Hamilton ESC's claim and found no evidence of fraud. The denial of Hamilton ESC's motion for a finding of fraud does not disturb the effect of the initial order that granted Benton's right to participate. If evidence of fraud had been found and Benton's right to participate had been terminated, Benton would have had a right to appeal. ("[A] ruling that terminates the right to participate [is] appealable pursuant to R.C. 4123.519 [current R.C. 4123.512. See 145 Ohio Laws, Part II, 2990]." *Felty*, 65 Ohio St.3d 234, 602 N.E.2d 1141, paragraph two of the syllabus.) The commission's refusal to find fraud, however, does not change the effect of the initial order.

{¶ 14} Additionally, appeal under R.C. 4123.512(D) involves a de novo review in which the claimant has the burden of proof: "The claimant shall * * * file a petition containing a statement of facts in ordinary and concise language

showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action." Allowing the employer to appeal the continuance of the claim would require a successful claimant like Benton to prove again in common pleas court that her claim should be allowed, even when she had already prevailed administratively.

{¶ 15} Because Hamilton ESC did not appeal the initial determination that Benton's claim should be allowed and because the Industrial Commission did not make a finding of fraud so as to terminate Benton's participation in the workers' compensation fund, the initial determination on her right to participate remains unchanged. The commission's refusal to exercise continuing jurisdiction to reconsider the allowance of Benton's claim is not a right-to-participate issue. We decline to extend the jurisdiction of the court of common pleas to review decisions of the Industrial Commission in cases like this.

### C. Equal Protection

{¶ 16} Hamilton ESC argues that an employer does not receive equal protection under the law because only a *claimant* whose right to participate in the fund has been terminated may appeal under R.C. 4123.512(D). *Thomas v. Conrad* (1998), 81 Ohio St.3d 475, 478-479, 692 N.E.2d 205; *White v. Conrad*, 102 Ohio St.3d 125, 2004-Ohio-2148, 807 N.E.2d 327, ¶ 12. Nevertheless, when a claimant's right to participate is granted, the claimant's employer has the right to appeal; and when the right to participate is terminated, the claimant has the right to appeal. "Because both the employer and the employee have the right to appeal when they are negatively affected by the commission's ruling, both are equally situated." *Thomas* at 479.

### III. Conclusion

{¶ 17} We answer the certified question in the negative because the Industrial Commission's refusal to find fraud in order to exercise its continuing jurisdiction is not an issue involving the right to participate or to continue to

6

participate in the workers' compensation fund under R.C. 4123.512. Therefore, a court of common pleas lacks subject matter jurisdiction on appeal. The judgment of the court of appeals is reversed, and this case is dismissed.

Judgment reversed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, and O'CONNOR, JJ., concur.

O'DONNELL and CUPP, JJ., concur in judgment only.

_____

**CUPP, J., concurring in judgment only.**

{¶ 18} I concur in the judgment because the facts in this case do not justify a departure from the general rule stated in *Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 602 N.E.2d 1141, paragraph two of the syllabus. The court in *Felty* noted that AT & T did not ask the commission to terminate Felty's participation in the workers' compensation system, but only to indefinitely suspend her claim because she refused to allow AT & T access to her medical records. Id. at 241. Thus, the decision that AT & T sought to appeal from was not on Felty's right to participate in the system. Accordingly, under paragraph two of the syllabus in *Felty*, the commission's decision was not appealable.

{¶ 19} Similarly, in *Thomas v. Conrad* (1998), 81 Ohio St.3d 475, 692 N.E.2d 205, this court affirmed a decision that there was no right to appeal a denial of the employer's motion to limit or terminate a previously approved claim based on an intervening cause, a dog bite. The employer had argued that the dog-bite injuries superseded the injuries on the previously allowed claim and that payment on the claim should be terminated. The court ruled that unlike a situation involving fraud surrounding the injured worker's initial claim, a decision on whether an intervening injury that was different from the injured worker's allowed condition superseded the worker's right to benefits pertained to extent of

disability. The initial right to participate remained undisturbed. Accordingly, the decision was not appealable under R.C. 4123.512. *Id.* at 477-478.

**{¶ 20}** This court in *Thomas* specifically distinguished cases in which the employer had alleged fraud regarding facts surrounding the claimants' *initial* claims. *Id.* at 478-479. In this case, Hamilton County Educational Service Center ("Hamilton ESC") argues that the decision on its motion to terminate benefits related to Benton's alleged fraud in her initial application for workers' compensation benefits. That situation, Hamilton ESC argues, falls within the exception acknowledged in *Thomas* for fraud in the initial application, which would affect the injured worker's initial right-to-participate determination.

**{¶ 21}** However, the facts in this case do not support Hamilton ESC's characterization of the issue as one involving fraud in the initial application. Hamilton ESC did not appeal the initial determination that Benton was entitled to participate in the workers' compensation system. Hamilton ESC does not contend that it was unable to discover evidence of the alleged fraud by the time of the initial determination of Benton's right to participate. The evidence upon which Hamilton ESC bases its argument was not discovered until after that initial hearing. This case does not squarely present a situation of fraud in the initial application for workers' compensation benefits.

**{¶ 22}** Consequently, this case falls within the rule in *Felty* and *Thomas* and does not present a necessary occasion for this court to determine whether those cases should be modified to accord a denial of a motion to terminate benefits based on fraud in the initial workers' compensation claim as an immediately appealable decision on the injured worker's right to participate in the workers' compensation system.

**{¶ 23}** For these reasons, I concur in the judgment.

O'DONNELL, J., concurs in the foregoing opinion.

_____

Weber, Dickey & Bellman and Gregory W. Bellman Sr., for appellant Diazonia Benton.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Kimberly A. Olson, Deputy Solicitor, Elise Porter, Assistant Solicitor, and James M. Carroll, Assistant Attorney General, for appellant Bureau of Workers' Compensation.

Ennis, Roberts & Fischer Co., L.P.A. and David J. Lampe, for appellee.

Philip J. Fulton Law Office, William A. Thorman III, and Philip J. Fulton, urging reversal for amicus curiae, Ohio Association for Justice.

_____