[Cite as *White v. Tomkins Industries, Inc.*, 2016-Ohio-8404.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

RUBY E. WHITE,

    PLAINTIFF-APPELLANT,             CASE NO. 1-16-46

    v.

TOMKINS INDUSTRIES, INC., ET AL.,        O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Allen County Common Pleas Court
Trial Court No. CV 2016 0357

**Judgment Affirmed**

Date of Decision:   December 27, 2016

APPEARANCES:

    *Thomas L. Reitz* **for Appellant**

    *Philip S. Heebsh* **for Appellees**

**SHAW, P.J.**

{¶1} Plaintiff-appellant, Ruby E. White ("White"), brings this appeal from the August 24, 2016, judgment of the Allen County Common Pleas Court granting the motions to dismiss filed by defendants-appellees, Tomkins Industries, Inc., and the Administrator of the Bureau of Workers' Compensation.

*Relevant Facts and Procedural History*

{¶2} On April 6, 2006, White was an employee of Tomkins Industries. During the course of her employment she sustained a work-related injury involving a "right knee cruciate ligament tear; right knee sprain; right knee medial meniscus tear; [and] right knee osteoarthritis." (Doc. 2, Ex. A). As a result of the injury, White filed a claim for workers' compensation and that claim was allowed. The record indicates that White last sought treatment for her injury on August 8, 2012. (*Id.*)

{¶3} On August 5, 2015, White saw Dr. Gary Schniegenberg after White was at a funeral and " 'passed out, [falling] directly * * * on her knees, which she was told by her niece that she hit the knee directly and they heard a loud crack and thought it was her head, but it was her knee hitting the concrete.' " (*Id.*) At her visit with the doctor, White was having swelling and tenderness in her knee and it was warm to the touch. (*Id.*)

{¶4} Subsequently, White filed a "Request for Medical Service Reimbursement or Recommendation for Additional Conditions for Industrial Injury or Occupational Disease" on December 9, 2015. (Doc. 2, Ex. B.).

{¶5} On March 18, 2016, a District Hearing Officer issued an order denying White's request. The District Hearing Officer determined that, "[b]ased upon the medical records previously cited * * * the requested medical services are not reasonably related to and not necessary for treatment of the allowed conditions." (Doc. 2 Ex. A).

{¶6} White appealed the District Hearing Officer's decision and on May 4, 2016, a Staff Hearing Officer issued an order affirming the District Hearing Officer's order. The Staff Hearing Officer indicated that an independent medical examination was conducted on White and the independent doctor "opined the requested treatment to be the result of the intervening and unrelated incident." (Doc. 2, Ex. B).

{¶7} White appealed the District Hearing Officer's decision to the Industrial Commission and on May 24, 2016, the Industrial Commission rejected White's appeal.

{¶8} On June 23, 2016, White filed a Petition and Complaint with the Allen County Common Pleas Court against Tomkins Industries and Stephen Buehrer, an Administrator with the Bureau of Workers' Compensation, seeking the "right to

participate in the benefits provided by the Workers' Compensation Act[.]" (Doc. No. 2)

{¶9} On July 26, 2016, Tompkins Industries filed its answer. On July 28, 2016, the Administrator filed his answer.

{¶10} On August 4, 2016, Tomkins Industries filed a motion to dismiss pursuant to Civ.R. 12(B)(1), contending that the trial court lacked subject matter jurisdiction to consider a claim that did not foreclose all future compensation under White's claim. Tomkins Industries contended that a decision regarding the extent of a claimant's disability was not appealable to the common pleas court; rather, only a decision allowing or permanently foreclosing a claim was appealable pursuant to well-settled caselaw. *See Felty v. AT&T Techs, Inc.*, 65 Ohio St.3d 234, 240, 1992-Ohio-60 ("Once the right of participation for a specific condition is determined by the commission, no subsequent rulings, except a ruling that terminates the right to participate, are appealable[.]"); *Thomas v. Conrad*, 81 Ohio St.3d 475, 1998-Ohio-330; *White v. Conrad*, 102 Ohio St.3d 125, 2004-Ohio-2148. Tomkins Industries argued that in this situation White was merely arguing to increase the extent of her injury and that her original claim remained open, thus there was no permanent foreclosure of White's claim here.

{¶11} On August 10, 2016, the Administrator filed a motion joining Tomkins Industries' motion to dismiss for the reasons that Tomkins Industries had articulated.

{¶12} On August 15, 2016, White filed a memorandum contra to the appellees' motions to dismiss. White argued that she had actually effectively been foreclosed from all future participation in the workers' compensation fund and thus her claim was appealable.

{¶13} On August 22, 2016, Tompkins Industries filed a reply memorandum in support of its motion to dismiss.

{¶14} On August 24, 2016, the trial court filed its judgment entry on the matter, granting the motions to dismiss of Tompkins Industries and the Administrator. The trial court reasoned that the Staff Hearing Officer's decision

> **did not find that the intervening and unrelated incident ended the employer's responsibility for [White's] allowed claim. The commission did not otherwise change the status of [White's] claim. The commission left [White's] right to participate open for the allowed conditions. Because the commission left [White's] right to participate open and did not expressly terminate it, this Court does not conclude that the finding of an intervening and unrelated incident means that the order denying authorization for treatment necessarily and effectively terminated [White's] right to participate.**

(Doc. No. 13). Thus the trial court dismissed the case.

{¶15} It is from this judgment that White appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY IMPROPERLY APPLYING R.C. 4123.512 AND DISMISSING THE COMPLAINT FILED BY THE APPELLANT.**

{¶16} In her assignment of error, White argues that the trial court erred by dismissing her complaint. Specifically, White contends that even though there was no statement that her claim was barred from all future participation, she was effectively barred from future benefits.

{¶17} We review a trial court's decision to grant a motion to dismiss *de novo*, without any deference to the trial court. *Richardson v. Indus. Comm.*, 2d Dist. Montgomery No. 22797, 2009-Ohio-2548, ¶ 17, citing *Howard v. Penske Logistics, LLC,* 9th Dist. Summit App. No. 24210, 2008-Ohio-4336, ¶ 7.

{¶18} The Supreme Court of Ohio has stated that, " 'Courts of Common Pleas do not have inherent jurisdiction in workmen's compensation cases but only such jurisdiction as is conferred on them under the provisions of the Workmen's Compensation Act.' " *Benton v. Hamilton Cty. Educational Serv. Ctr.,* 123 Ohio St.3d 347, 2009–Ohio–4969, ¶ 7, quoting *Jenkins v. Keller,* 6 Ohio St.2d 122, (1966), paragraph four of the syllabus. Revised Code 4123.512 authorizes appeals from industrial commission orders, but "only in limited circumstances." *Benton* at ¶ 10, citing *Felty v. AT & T Technologies, Inc.,* 65 Ohio St.3d 234, 238 (1992).

{¶19} Revised Code 4123.512(A) limits a common pleas court's jurisdiction to appeals from industrial commission orders "in any injury or occupational disease case, other than a decision as to the extent of disability." The Supreme Court of Ohio has construed R.C. 4123.512(A) as limiting appeals to cases involving the claimant's "right to participate" in the workers' compensation fund. *Benton* at ¶ 8; *White v. Conrad,* 102 Ohio St.3d 125, 2004–Ohio–2148, ¶¶ 10–13; *State ex rel. Liposchak v. Indus. Comm.,* 90 Ohio St.3d 276, 279 (2000). A decision regarding the extent of a claimant's disability is not appealable to the common pleas court, but instead, must be challenged in a mandamus action. *Benton* at ¶ 8, citing *State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 278-279 (2000).

{¶20} "An Industrial Commission decision does not determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim." *State ex rel. Evans v. Indus. Comm.,* 64 Ohio St.3d 236 (1992), at paragraph one of the syllabus. To be appealable, the decision must "foreclose *all future compensation under that claim.*" (Emphasis added). *Id.* at 240. Thus, "[o]nce the right of participation for a specific condition is determined by the Industrial Commission, no subsequent rulings, *except a ruling that terminates the right to participate,* are appealable pursuant to R.C. 4123.512.' " (Emphasis *sic*). *White*, *supra*, at ¶ 13, citing *Felty,* 65 Ohio St.3d at 240. Therefore,

**requests by a litigant for additional activity in a case, for temporary suspension of a claim, or for one of the myriad interlocutory orders the commission may issue in administering a case are not "claims." For example, a decision by the commission to allow or deny additional compensation for a previously allowed condition when there is no new condition is not appealable because it goes to the extent of the injury—there is no new claim.**

*Felty* at 239-240, citing *State ex rel. Roope v. Indus. Comm.*, 2 Ohio St.3d 97 (1982).

**{¶21}** In this case, White argues that although the specific language was not stated by any of the hearing officers or the industrial commission that her claim was forever foreclosed, she was implicitly foreclosed due to the indication that she had not received treatment in over three years for her knee and she was not granted treatment for this new injury.

**{¶22}** However, despite White's arguments, there is no indication in our record that White's future claims were foreclosed. As the trial court stated in its entry on the matter, the Industrial Commission left White's right to participate in the fund open and the status of her original claim was not changed. We see nothing in this record that indicates there was a complete termination of White's claim.

**{¶23}** Therefore, under our *de novo* review, we cannot find that the trial court erred in dismissing White's claim for lack of jurisdiction. Accordingly, White's assignment of error is overruled.

{¶24} For the foregoing reasons White's sole assignment of error is overruled and the judgment of the Allen County Common Pleas Court is affirmed.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**