[Cite as *Centric v. Buehrer*, 2018-Ohio-698.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


| | | |
|---|---|---|
| LISA CENTRIC, et al., | : | **O P I N I O N** |
| Appellant, | : | |
| - vs - | : | **CASE NO. 2017-P-0040** |
| STEVE BUEHRER, ADMINISTRATOR, BUREAU OF WORKERS' COMPENSATION, | : | |
| | : | |
| Appellee. | : | |


Administrative Appeal from the Portage County Court of Common Pleas, Case No. 2015 CV 01018.

Judgment: Affirmed.


*Jennifer L. Lawther*, *Daniel A. Kirschner*, and *Corey J. Kuzma*, Nager, Romaine & Schneiberg Co., L.P.A., 27730 Euclid Avenue, Cleveland, OH 44132 (For Appellant).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215, and *Jeffrey B. Duber*, Assistant Attorney General, State Office Building, 11th Floor, 615 West Superior Avenue, Cleveland, OH 44113 (For Appellee).


DIANE V. GRENDELL, J.

{¶1} Appellant, Lisa Centric, appeals from the judgment of the Portage County Court of Common Pleas, granting the appellee, the Administrator of the Bureau of Workers' Compensation's, Motion for Summary Judgment, entering judgment in favor of the defendants as a matter of law, and finding that Centric was not entitled to workers' compensation death benefits. The issue to be determined by this court is whether a

court of common pleas has jurisdiction to hear an appeal from the Industrial Commission's decision on the claimant's status as a dependent spouse for the purposes of awarding death benefits under R.C. 4123.59. For the following reasons, we affirm the decision of the lower court.

{¶2} Centric and her four children, Michael, Robert, Alexandria, and Victoria Polichena, filed a claim for workers' compensation death benefits following the death of the children's father and Centric's alleged common law spouse, Leonard Polichena. Polichena died following an accident in which he injured his head while employed by Gano's Auto Clinic. An award of benefits was allowed by the District Hearing Officer[1] but was modified by a Staff Hearing Officer to allow the claim for death benefits for three of the children, but to deny benefits to Michael and Centric. In pertinent part, the Staff Hearing Officer's October 22, 2015 Order stated that Centric was not presumed "dependent" upon Polichena at the time of his death "as there is no evidence contained within the record to establish that the two were married and living together at [that] time." An appeal of the Staff Hearing Officer's decision was refused by the Industrial Commission on November 4, 2015.

{¶3} On December 17, 2015, Centric and Victoria, Alexandria, and Robert Polichena filed a Notice of Appeal and Petition and Complaint on Appeal in the Portage County Court of Common Pleas. The Complaint stated that they were each "entitled to receive benefits provided by the Workers' Compensation Act of Ohio for all of Leonard Polichena's injuries." It also alleged that Centric was "married to Leonard Polichena at the time of his death and fully dependent upon him for support."

---

1. This document is not in the record before this court but is referenced in various filings.

**{¶4}** The Administrator of the Bureau of Workers' Compensation filed an Answer on January 26, 2016.

**{¶5}** On May 17, 2017, the Administrator filed a Motion for Summary Judgment. It argued that the evidence showed that the presumption of dependency should not apply to Centric, given that she and Polichena had not been together for a number of years. Attached to the Motion for Summary Judgment was Centric's deposition.

**{¶6}** Pursuant to Centric's testimony, she and Polichena began living together in 1988, and had four children. While they never officially married, she used Polichena's last name, the two would sometimes refer to each other as "husband and wife," and held joint bank accounts. Following some relationship problems, and an incident where Polichena kicked their son after the son had fallen and broken his arm, she and the children moved out. Since that incident in 2004, Centric and Polichena lived apart. Centric had her own bank accounts and filed individual tax returns. Various documents filed or signed by Centric reflected that she was single and/or that Polichena had no spouse.

**{¶7}** Centric filed a Brief in Opposition on May 31, 2017, arguing that there was a genuine issue of material fact as to the issue of her dependency. The Administrator filed a June 6, 2017 Reply.

**{¶8}** The trial court issued a Judgment Entry on June 21, 2017, granting the Administrator's Motion for Summary Judgment, finding Centric was not entitled to workers' compensation death benefits and that the defendants were entitled to judgment as a matter of law.

**{¶9}** Centric timely appeals and raises the following assignment of error:

{¶10} "The Trial Court erred in granting Appellee Bureau of Workers' Compensation's Motion for Summary Judgment."

{¶11} The Administrator of the Workers' Compensation Bureau raises the following cross-assignment of error:

{¶12} "The trial court's order did not find that it lacked subject matter jurisdiction over Appellant's R.C. 4123.512 appeal from the Industrial Commission of Ohio's denial of her claim for workers' compensation death benefits based upon a finding that she was not dependent upon the decedent at the time of his death."

{¶13} As an initial matter, we will consider the Administrator's cross-assignment of error, which provides an alternative ground to affirm the trial court's decision. The Administrator argues that the lower court did not have subject matter jurisdiction to hear the appeal, so it was proper to grant judgment in his favor.

{¶14} Pursuant to R.C. 4123.512, a claimant may appeal an order of the Industrial Commission to the court of common pleas. Within 30 days thereafter, the claimant must "file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action." R.C. 4123.512(D).

{¶15} The Ohio Supreme Court has emphasized that R.C. 4123.512 "authorizes appeals only in limited circumstances." *Benton v. Hamilton Cty. Educational Serv. Ctr.*, 123 Ohio St.3d 347, 2009-Ohio-4969, 916 N.E.2d 778, ¶ 10. "The courts simply cannot review all the decisions of the commission if the commission is to be an effective and independent agency. Unless a narrow reading of [the statute] is adhered to, almost

4

every decision of the commission, major or minor, could eventually find its way to common pleas court." *Felty v. AT&T Technologies, Inc.*, 65 Ohio St.3d 234, 238, 602 N.E.2d 1141 (1992). The Supreme Court has explained, then, that an appeal filed pursuant to R.C. 4123.512 in the court of common pleas can proceed "only when the order grants or denies the claimant's right to participate." *State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 278, 737 N.E.2d 519 (2000); *Benton* at ¶ 8.

{¶16} The Supreme Court has addressed whether a case involves a "right to participate" in circumstances similar to those in the present matter. In *Liposchak*, the court was faced with a workers' compensation death benefits claim in which the party appealed on the ground that the Commission's dependency determination was incorrect. The court noted that the only right-to-participate question that is appealable is "whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment." *Id.* at 279. After examining case law and the pertinent statutes, the Supreme Court held that, "although death benefits may be granted or denied based on dependent status as defined in R.C. 4123.59, the denial or grant of such benefits is not appealable unless it concerns the causal connection between injury, disease, or death and employment." *Id.* at 281.

{¶17} In the present matter, Centric's basis for appealing the Commission's order is its finding that she was not a dependent spouse under R.C. 4123.59, which sets forth conditions under which recovery of death benefits is permissible and allows recovery for "wholly dependent" survivors. *See* R.C. 4123.59(D)(1) ("[a] surviving spouse who was living with the employee at the time of death or a surviving spouse who was separated from the employee at the time of death because of the aggression of the

5

employee" is "presumed to be wholly dependent for their support upon a deceased employee"). The dependency finding was the ground upon which Centric challenged the Commission's decision on appeal before the lower court. Whether Centric was a dependent spouse is also the sole issue raised in Centric's appellate brief before this court.

{¶18} As described above, the denial of death benefits based on dependency status under R.C. 4123.59 is not appealable to a court of common pleas unless the denial relates to the connection between the death and the employment. The connection between Polichena's death and his employment is not an issue in dispute. The Staff Hearing Officer found there was a causal connection between the two and neither party objected to that finding. *See Mertle v. Tradesmen Internatl., Inc.*, 8th Dist. Cuyahoga No. 80816, 2002-Ohio-4575, ¶ 17 ("[d]ependency claims do not present any question regarding the causal connection between an employee's injury, disease or death and his or her employment").

{¶19} Given the foregoing established law, we hold that the lower court did not have subject matter jurisdiction to hear an appeal on the issues raised in this matter. *Liposchak*, 90 Ohio St.3d at 281, 737 N.E.2d 519; *Benton*, 123 Ohio St.3d 347, 2009-Ohio-4969, 916 N.E.2d 778, at ¶ 9 ("[i]f the issue does involve the right to participate, then the court of common pleas may hear the appeal; if not, the court of common pleas lacks subject matter jurisdiction"); *Mertle* at ¶ 17 ("dependency issues do not invoke the basic 'right to participate' in the workers' compensation system and, therefore, are not appealable to a common pleas court pursuant to R.C. 4123.512"). Rather, as these courts have held, the method "to seek judicial review of the Industrial Commission's

order denying [a] claim for dependency benefits [is] through a proper action in mandamus." *Mertle* at ¶ 12, citing *Liposchak* at 279.

{¶20} We note that the Administrator did not raise this issue below in its Motion for Summary Judgment, although it generally stated in the Answer that the trial court lacked jurisdiction. In any event, "the issue of the lower court's subject matter jurisdiction can be raised at any time in the proceedings, including for the first time on appeal" in a reviewing court. *Rappach v. Liberty Twp. Civ. Service Comm.*, 11th Dist. Trumbull No. 2004-T-0046, 2005-Ohio-3088, ¶ 6; *Jenkins v. Keller*, 6 Ohio St.2d 122, 126, 216 N.E.2d 379 (1966).

{¶21} Given that the lower court did not have jurisdiction to hear the appeal in the present matter, we need not consider the merits of Centric's assignment of error.

{¶22} The appellee's cross-assignment of error/alternate ground to affirm has merit and Centric's sole assignment of error is therefore moot.

{¶23} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, granting the Administrator of the Bureau of Workers' Compensation's Motion for Summary Judgment, and entering judgment in favor of the defendants, is affirmed. Costs to be taxed against appellant.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE., J.,

concur.

7